# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO  DIVISION

| | | |
|---|---|---|
| **BILLIE WAYNE COBLE,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **vs.** | § | **CASE No. 6:12-cv-00039-WSS** |
| | § | |
| **RICK THALER,** | § | |
| **Director,** | § | |
| **Texas Department of Criminal** | § | |
| **Justice, Correctional Institutions** | § | **(Death Penalty Case)** |
| **Division,** | § | |
| **Respondent** | § | |
| | § | |

# EXHIBITS IN SUPPORT OF
# PETITION FOR WRIT OF HABEAS CORPUS

A. Richard Ellis
Attorney at Law
Texas Bar No. 06560400
75 Magee Avenue
Mill Valley, CA 94941
Attorney for Petitioner Billie Wayne Coble

## EXHIBIT  LIST

Exhibit 1:  Appointment of trial counsel Russ Hunt, Jr. and Scott Stevens on October 17, 2007 (II CR 234); withdrawal of attorney Scott Stevens on April 25, 2008 (II CR 333); appointment of second-chair counsel Alex Calhoun on May 14, 2008 along with setting of pre-trial on May 23, 2008 and jury selection on August 4, 2008. (II CR 337).

Exhibit 2:  Original Grand Jury Indictment (Sept. 29, 1989);  Indictment read to the jury at the punishment phase re-trial (20 RR 21-22); Charge of the Court and Verdict (XIII CR 2347-2354); Judgment of Conviction (XIII CR 2358-2359) (September 4, 2008.)

Exhibit 3:  February 19, 2010 Order on Motion for 90-Day Extension of Time to File Application for Writ of Habeas Corpus, signed by Judge Matt Johnson.

Exhibit 4:  Audit Bureau of Circulation figures for Waco Tribune-Herald.

Exhibit 5:  Demographic and Crime Statistics for McLennan County.

Exhibit 6: Coble Media Summary and Waco Tribune-Herald articles on the case.

Exhibit 7: Affidavit of Gordon W. Coble.

Exhibit 8: Declaration of Tina Church.

Exhibit 9: Gender and Racial Statistics of Death Row Offenders and list of TDCJ death row inmates.

Exhibit 10: Supreme Court of Texas, Professional Ethics Committee For The State Of Texas, Opinion No. 569 (April 2006).

Exhibit 11: *"Former Waco attorney pleads guilty to tampering with case records,"* by Erin Quinn, Waco Herald-Tribune, April 8, 2010.

Exhibit 12:  XIII CR 2355-2356, Jury note requesting to see 3 pieces of evidence; Judge Johnson's statement furnishing these items.

Exhibit 13:  Cunningham, Sorensen and Reidy, *"Capital Jury Decision-Making", the Limitations of Predictions of Future Violence",* 15 Psychology, Public Policy and Law, 223-256 (2009).

Exhibit 14:  Affidavit of Alexander Calhoun.

Exhibit 15: Materials on the "Colorado Method."

Exhibit 16: Affidavit of Mark D. Cunningham.

**Exhibit 17**:  Texas Department of Criminal Justice, Emergency Action Center Statistics, Summary of Selected Incidents, January 2002-May 2009.

**Exhibit 18**: *Psychiatry in the Sentencing Process*: A Report of the Task Force on the Role of Psychiatry in the Sentencing Process, American Psychiatric Association.

**Exhibit 19**: College records of A. P. Merillat, Sam Houston State University.

**Exhibit 20**: TDCJ Unit Classification Procedure (Jul. 2005)(superseding  TDCJ Classification Manual Rev. Oct. 2003)

**Exhibit 21**: Excerpts from Merillat, "*Future Danger?"* 3rd ed. (TDCAA) at 114-115.

**Exhibit 22**:  *Hubbard v. Texas,* No. 06-02-00188-CR, (Tex. App.—Texarkana (2004).

**Exhibit 23**: September, 2006 Texas Bar Journal article by A. P. Merillat,  *"The Question of Future Dangerousness of Capital Defendants."* 69 Tex. Bar. J. 738.

**Exhibit 24**:  Excerpts from March 31, 2009 Deposition of A. P. Merillat in the case of *State v. Speer,* No. 99F0506-005B in the 5th Judicial District Court of Bowie County.

**Exhibit 25**: Correspondence of A. P. Merillat.

**Exhibit 26**: *Coble v. State,* 330 S.W.3d 253 (Tex. Crim. App. 2011)(opinion on direct appeal)

**Exhibit 27**: State's "Answer to An Application for Writ of Habeas Corpus in a Death Penalty Case" (filed Dec. 8, 2010)(adopted verbatim by trial court)

**Exhibit 28**: State's Proposed "Order Designating Controverted, Previously Unresolved Factual Issues on Writ of Habeas Corpus In A Death Penalty Case" (filed Dec. 20, 2010)(adopted verbatim by trial court)

**Exhibit 29**: State's Proposed "Findings of Fact and Conclusions of Law on Writ of Habeas Corpus in a Death Penalty Case"(filed April 15, 20110(adopted verbatim by trial court)

**Exhibit 30**: Applicant's Submission of Post-Evidentiary Hearing Materials and Exhibits

**Exhibit 31**: *Ex parte Billie Wayne Coble,* No. WR-39,707-03 (Tex. Crim. App. Feb.8, 2012)(*per curiam*)(unpublished)

**Exhibit 32**: Affidavit of Adam O. Fellows
            (Exhibits 32A through 32M (materials relating to Fellows affidavit)

**Exhibit 33**: Affidavit of Frank AuBuchon
            (Exhibits 33A through 32K (materials relating to AuBuchon affidavit)

# Exhibit 1

Cause No. **1989-1036-C2**

Offense: **CAPITAL MURDER**

**FILED**

2007 OCT 17  P 1: 14

DISTRICT CLERK
McLENNAN CO. TX.

DEPUTY Suzanne Bounds

| | |
|---|---|
| THE STATE OF TEXAS | IN THE 54TH JUDICIAL DISTRICT COURT |
| VS. | OF |
| **BILLIE WAYNE COBLE** | McLENNAN COUNTY, TEXAS |

## ORDER APPOINTING ATTORNEY

On **October 17, 2007**, the Court the Court finds that the defendant does not have an attorney and that the defendant is indigent, or justice otherwise requires appointment of counsel.

It is therefore ORDERED that the attorneys listed below are hereby appointed to represent the defendant in this case:

**Lead Trial Counsel:**

> **Russell Hunt, Jr.,** 811 Nueces Street, Austin, Texas 78701
> 512-474-5114

**Assistant Trial Counsel:**

> **Scott Stevens,** 700 E. Main Street, Gatesville, Texas 76528
> 254-865-7278

It is further ORDERED that a special venire jury panel is scheduled to report on:
> **Wednesday, January 9, 2008 at 9:00 a.m.**

It is further ORDERED that the jury trial is scheduled to begin on:
> **Tuesday January 29, 2008 at 9:00 a.m.**

SIGNED AND ENTERED on October 17, 2007.

_____
JUDGE

234

No. 1989-1036-C2

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS** | § | **54TH JUDICIAL DISTRICT COURT** |
| | § | |
| **BILLIE W. COBLE** | § | **MCLENNAN COUNTY, TEXAS** |

**ORDER ON MOTION TO WITHDRAW AS COUNSEL**

The motion of Scott K. Stevens to withdraw as counsel having come on to be heard on

April 25, 2008, the Court finds that it has merit, and neither the Defendant nor the State having

objected, the same is hereby GRANTED.

Signed on April 25, 2008.

_____

JUDGE PRESIDING

Cause No. **1989-1036-C2**

THE STATE OF TEXAS

IN THE 54TH JUDICIAL DISTRICT COURT

VS.

OF

BILLIE WAYNE COBLE

McLENNAN COUNTY, TEXAS

Offense: **CAPITAL MURDER**

### ORDER APPOINTING ASSISTANT TRIAL COUNSEL

On **May 14, 2008**, the Court appoints **Alex Calhoun** as Assistant Trial Counsel in this case. The contact information is:

Alex Calhoun
3301 Northland Drive, Ste. 215
Austin, Texas 78731
Phone 512-731-3159
Fax 512-233-5946
Email: alcalhoun@earthlink.net

It is further **ORDERED** that this case is set for:

Pre-trial on May 23, 2008 at 1:30 p.m.
Jury Panel Reports on August 1, 2008 at 9:00 a.m.
Jury Selection begins August 4, 2008 at 9:00 a.m.

SIGNED AND ENTERED on **May 14, 2008**.



_____
Judge



337

# Exhibit 2

FILED

D.A.: PG

BOND $ _____  SEP 29  1 22 PM '89

NO. **89-1036-** C

The State of Texas Vs.  BILLIE WAYNE COBLE

CHARGE:  CAPITAL MURDER

COURT:  54TH JUDICIAL DISTRICT

DISTRICT _____
McLENNAN CO. TEXAS
DEPUTY _Suzanne_
_O'Connor_

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURY, for the County of McLennan, State of Texas,
duly selected, empaneled, sworn, charged, and organized as such at
the September Term A.D. 1989 of the 54th Judicial District Court
for said County, upon their oaths present in and to said court at
said term that BILLIE WAYNE COBLE, hereinafter styled Defendant,
on or about the 29th day of August, A.D. 1989, and before the
presentment of this indictment, in the County and State aforesaid,
did then and there intentionally cause the death of an individual,
ZELDA VICHA by shooting her with a deadly weapon, to-wit:   a
firearm, and did then and there intentionally cause the death of
an individual, JOHN ROBERT VICHA by shooting him with a deadly
weapon, to-wit:  a firearm, and did then and there intentionally
cause the death of an individual, ROBERT JOHN VICHA by shooting him
with a deadly weapon, to-wit:  a firearm, and all of the said
murders were committed during the same criminal transaction.
against the peace and dignity of the State.

_Herb Reinke_
GRAND JURY FOREMAN

1    value to be given to each witness's testimony.

2                Then I do understand that the Rule has

3    been invoked.  If there are any witnesses in the

4    courtroom, if you would please stand at this time and

5    be placed under oath.  Okay.  I take it that there are

6    no witnesses in the courtroom at this time.

7                I'd ask the State at this time to

8    proceed.

9                MR. SEGREST:  Thank you, Your Honor.  May

10   I read the indictment charged against the Defendant in

11   this case?

12               THE COURT:  Yes, sir.

13               MR. SEGREST:  This is Cause

14   No. 1989-1036-C2, entitled the State of Texas versus

15   Billie Wayne Coble.  This is the indictment that was

16   returned in this case and the charges in which

17   Mr. Coble was convicted.

18               In the name and by the authority of the

19   State of Texas:  The Grand Jury, for the County of

20   McLennan, State of Texas, duly selected, empaneled,

21   sworn, charged, and organized as such at the September

22   Term A.D. 1989 of the 54th District Court for said

23   County, upon their oaths present in and to said court

24   at said term that Billie Wayne Coble, hereinafter

25   styled Defendant, on or about the 29th day of August,

Rebecca A. Rivera, CSR, RPR

1  1989, and before the presentment of this indictment, in

2  the County and State aforesaid, did then and there

3  intentionally cause the death of an individual, Zelda

4  Vicha, by shooting her with a deadly weapon, to-wit:  A

5  firearm, and did then and there intentionally cause the

6  death of an individual, John Robert Vicha, by shooting

7  him with a deadly weapon, to-wit:  A firearm, and did

8  then and there intentionally cause the death of an

9  individual, Robert John Vicha, by shooting him with a

10 deadly weapon, to-wit:  A firearm, and all of the said

11 murders were committed during the same criminal

12 transaction.  Against the peace and dignity of the

13 State.

14            And this was returned upon the signature

15 of the Grand Jury foreman.

16            With that, Your Honor, I'd like to make

17 an opening statement.

18            THE COURT:  Go ahead.

19            MR. SEGREST:  It's been a while, ladies

20 and gentlemen of the jury.  I want to thank you on

21 behalf of the people of this County and this State for

22 your service as jurors in this case.

23            The law allows us to give a -- an opening

24 statement, which is, as the Judge said, really is a

25 guidepost to guide -- to help you understand what is

Rebecca A. Rivera, CSR, RPR

CAUSE NO. 1989-1036-C2

THE STATE OF TEXAS                          IN THE 54TH JUDICIAL

VS.                                         DISTRICT COURT

BILLIE WAYNE COBLE                          McLENNAN COUNTY, TEXAS

## CHARGE OF THE COURT

MEMBERS OF THE JURY:

A jury has previously found the defendant, Billie Wayne Coble, guilty

and he is guilty of the offense of Capital Murder, namely:

> On August 29, 1989, in McLennan County, Texas, the defendant,
> Billie Wayne Coble, did then and there intentionally cause the
> death of the following individuals: Zelda Vicha, John Robert
> Vicha, and Robert Vicha, by shooting each of them with a deadly
> weapon, to-wit: a firearm. These murders were committed
> during the same criminal transaction.

In order for the Court to assess the proper punishment in this case

certain Special Issues are submitted to you, and it is necessary for you to

determine from all the evidence before you the answers to the Special

Issues. You shall return a verdict of either "Yes" or "No" to every Special

Issue submitted to you in this charge.

The mandatory punishment for capital murder is by confinement in the

penitentiary for life or by death. Your answers to the Special Issues will

determine which of those two punishments will be imposed by the Court.

Before answering these Special Issues, you will consider the following

instructions:

CHARGE
FILED
4th Day of Sept, 08
at 10:38 o'clock AM
KAREN C. MATKIN
DISTRICT CLERK
McLennan County, Texas
By _Jill H Smith_
Deputy                          Page 1

VERDICT
FILED
4 Day of Sept, 2008
at _____ o'clock ___M
KAREN C. MATKIN
DISTRICT CLERK
McLennan County, Texas
By _Rhonda Pauls_
Deputy

## I

In arriving at the answers to the Special Issues submitted, it will not be proper for you to fix the same by lot, chance or any other method than by a full, fair and free exchange of opinion of each individual juror.

## II

The State must prove Special Issues One and Two beyond a reasonable doubt.  It is not required that the State prove an answer is "Yes" beyond all possible doubt. It is required, however, that the proof excludes all reasonable doubt concerning Special Issue One and Special Issue Two.

The jury may not answer Special Issues One or Two "Yes" unless you agree unanimously. Before you may answer Special Issues One or Two "Yes" all jurors must be convinced beyond a reasonable doubt that the answer to that issue should be "yes."

The jury may not answer  Special Issues One or Two "No" unless 10 or more of you agree. If a juror, after considering the evidence and these instructions, is convinced the answer should be "No" or has a reasonable doubt as to whether the issue should be answered "Yes", then such juror should vote "no" on that issue.

2348

If the jury returns affirmative or "Yes" findings on both Special Issue One and Special Issue Two you shall then, and only then, answer Special Issue Three. You shall answer Special Issue Three "Yes" or "No." The jury may not answer "No" to Special Issue Three unless you all agree unanimously that the answer should be "No". The jury may not answer "Yes" to Special Issue Three unless 10 or more of you agree that the answer should be "Yes".

The Presiding Juror will record the Jury's answer to such issue by signing his or her name to the finding reflecting such answer on the form provided for that purpose.

2349

III

## SPECIAL ISSUE NUMBER 1:

Do you find from the evidence beyond a reasonable doubt that the conduct of Billie Wayne Coble that caused the death of Zelda Vicha was committed deliberately and with the reasonable expectation that the death of Zelda Vicha or another would result?

ANSWER "YES" OR "NO"

ANSWER OF THE JURY: _____*Yes*_____

FOREPERSON: _____*[signature]*_____

## SPECIAL ISSUE NUMBER 2:

Do you find from the evidence beyond a reasonable doubt that there is a probability that Billie Wayne Coble would commit criminal acts of violence that would constitute a continuing threat to society?

ANSWER "YES" OR "NO"

ANSWER OF THE JURY: _____*Yes*_____

FOREPERSON: _____*[signature]*_____

## SPECIAL ISSUE NUMBER 3:

Do you find from the evidence, taking into consideration all of the evidence, including the circumstances of the offense, the Defendant's character and background, and the personal moral culpability of the Defendant, that there is a sufficient mitigating circumstance or circumstances to warrant that a sentence of life imprisonment rather than a death sentence be imposed?

ANSWER "YES" OR "NO"

ANSWER OF THE JURY: _____*NO*_____

FOREPERSON: _____*[signature]*_____

2350

You shall consider mitigating evidence that a juror might regard as reducing Billie Wayne Coble's moral blameworthiness.

## VI

If you return an affirmative or "Yes" finding to Special Issues One and Two, and a negative or "No" finding to Special Issue Three, the Court will sentence Billie Wayne Coble to death.

If you return a negative or "No" finding to Special Issue One or Two, or an affirmative finding or "Yes" finding to Special Issue Three, the Court will sentence Billie Wayne Coble to life.

During your deliberations you are not to consider or discuss the possibility of pardon or parole, or concern yourself with how long Billie Wayne Coble would be required to serve if sentenced to life imprisonment. Such matters are not a matter of concern for the jury.

## VII

You are not to be swayed by mere sentiment, conjecture, passion, prejudice, public opinion, or public feeling in considering all the evidence before you and in answering the special issues.

2351

VIII

In a criminal case the law permits a defendant to testify in his own behalf but he is not compelled to do so, and the same law provides that the fact that a defendant does not testify shall not be considered as a circumstance against him. In the case the Defendant did not testify, and you shall not consider the fact that the Defendant did not testify as a circumstance against him; and you will not, in your retirement to consider your verdict, allude to, comment on, consider, or in any manner refer to the fact that the Defendant has not testified.

IX

You are the exclusive judges of the facts proven, of the credibility of the witnesses, and of the weight to be given to their testimony, but you are bound to receive the law from the Court which is herein given, and be governed thereby.

In deliberating on this case, you shall consider the charge as a whole and not refer to or discuss any matters not in evidence before you.

You may not consider nor mention any personal knowledge or information you may have about any facts or person connected with this case which is not shown by the evidence. You shall not consult any law books or anything not in evidence.

2352

You are further instructed that you are not to consider, or take into consideration any sentence that may have been imposed on this Defendant, if there was such sentence, by any previous jury in reaching your verdict or answering any of the special issues.

X

After you retire to the jury room, you should select one of your members as your foreperson. Any member of the jury may serve as foreperson. It is the duty of your foreperson to preside in the jury room and vote with you on the answers to the special issues submitted. When you have reached a verdict, you shall use the blanks provided following each special issue to indicate your answers to the special issue and your foreperson should sign the attached form certifying to your verdict.

If you wish to communicate with the Court you should put your communication in a writing, signed by your foreperson, and deliver it to the bailiff, who will deliver it to the Court for consideration. Upon your written request any exhibits admitted in this case will be delivered to you.

2353

During trial it was permissible for you to take notes.  You may carry those notes to the jury room for your personal use during deliberation on the Court's charge.  You may not share these notes with other jurors; however, you may discuss your recollection based upon the contents of your notes. Your personal recollection of the evidence takes precedence over any notes you have taken.  A juror may not rely on the notes of another juror.  If you disagree about the evidence, the Presiding Juror may apply to the Court and have the court reporter's notes read to the jury.


Matt Johnson
Judge Presiding

2354



CASE NO. **1989-1036-C2**   COUNT N/A

INCIDENT NO./TRN: NONE

| | | |
|---|---|---|
| THE STATE OF TEXAS | ~~FILED~~<br>4 Day of Sept 2008<br>at _____ o'clock ___ M<br>KAREN C. MATKIN<br>DISTRICT CLERK<br>McLennan County, Texas<br>By _Rhonda Harris_<br>Deputy | IN THE 54TH DISTRICT |
| V. | | COURT |
| BILLIE WAYNE COBLE | § | McLENNAN COUNTY, TEXAS |
| STATE ID NO.: TX2802119 | § | |

## JUDGMENT OF CONVICTION BY JURY

| | | | |
|---|---|---|---|
| Judge Presiding: | HON. **MATT JOHNSON** | Date Judgment Entered: | **9/4/2008** |
| Attorney for State: | **JOHN SEGREST AND CRAWFORD LONG** | Attorney for Defendant: | **RUSSELL HUNT, JR. AND ALEX CALHOUN** |

Offense for which Defendant Convicted:
**CAPITAL MURDER**

| | |
|---|---|
| Charging Instrument:<br>**INDICTMENT** | Statute for Offense:<br>**19.03 Penal Code** |
| Date of Offense:<br>**8/29/1989** | |
| Degree of Offense:<br>**CAPITAL FELONY** | Plea to Offense:<br>**NOT GUILTY** |
| Verdict of Jury:<br>**GUILTY** | Findings on Deadly Weapon:<br>**YES, A FIREARM** |
| Plea to 1st Enhancement Paragraph: **N/A** | Plea to 2nd Enhancement/Habitual Paragraph: **N/A** |
| Findings on 1st Enhancement Paragraph: **N/A** | Findings on 2nd Enhancement/Habitual Paragraph: **N/A** |
| Punished Assessed by:<br>**JURY** | Date Sentence Imposed:<br>**9/4/2008** | Date Sentence to Commence:<br>**9/4/2008** |
| Punishment and Place of Confinement: | **DEATH** | |

THIS SENTENCE SHALL RUN **CONCURRENTLY**.

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A** .

| Fine:<br>$ **N/A** | Court Costs:<br>$83,293.74 | Restitution:<br>$ **N/A** | Restitution Payable to:<br>☐ VICTIM (see below)   ☐ AGENCY/AGENT (see below) |
|---|---|---|---|

**Sex Offender Registration Requirements do not apply to the Defendant.** TEX. CODE CRIM. PROC. chapter 62.

The age of the victim at the time of the offense was **N/A** .

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in **McLennan** County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**
☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. A jury was selected, impaneled, and sworn. The INDICTMENT was read to the jury, and Defendant entered a plea to the charged offense. The Court received the plea and entered it of record.

The jury heard the evidence submitted and argument of counsel. The Court charged the jury as to its duty to determine the guilt or innocence of Defendant, and the jury retired to consider the evidence. Upon returning to open court, the jury delivered its verdict in the presence of Defendant and defense counsel, if any.

The Court received the verdict and ORDERED it entered upon the minutes of the Court.

**Punishment Assessed by Jury**
☒ **Jury**. Defendant entered a plea. The jury heard evidence relative to the question of punishment. The Court charged the jury and it retired to consider the question of punishment. After due deliberation, the jury was brought into Court, and, in open court, it returned its verdict as indicated above.

2358

0 2 7 5 5 4 3 0 1



The Court **FINDS** Defendant committed the above offense and **ORDERS, ADJUDGES AND DECREES** that Defendant is **GUILTY** of the above offense.

The Court **ORDERS** Defendant punished as indicated above. The Court **ORDERS** Defendant to pay all fines, court costs, and restitution as indicated above.

**Punishment Options  (select one)**

☒ **Confinement in State Jail or Institutional Division.** The Court **ORDERS** the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ where he shall be confined until the time for his execution arrives .** The Court **ORDERS** Defendant to be confined in the manner indicated above. The Court **ORDERS** Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court **ORDERS** Defendant immediately committed to the custody of the Sheriff of         County, Texas on the date the sentence is to commence. Defendant shall be confined in the         County Jail for the period indicated above. The Court **ORDERS** that upon release from confinement, Defendant shall proceed immediately to the         . Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a **FINE ONLY.** The Court **ORDERS** Defendant to proceed immediately to the Office of the         County . Once there, the Court **ORDERS** Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

**Execution / Suspension of Sentence  (select one)**

☒ The Court **ORDERS** Defendant's sentence **EXECUTED**.

☐ The Court **ORDERS** Defendant's sentence of confinement **SUSPENDED**. The Court **ORDERS** Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

### Furthermore, the following special findings or orders apply:

The Court assesses all court appointed attorney's fees, investigator's fees, and interpreter's fees as costs in this cause and Orders the defendant to pay the same.

_____

**Signed and entered on September 4, 2008**

MATT JOHNSON
JUDGE PRESIDING

| RIGHT THUMBPRINT | Defendant's signature |
|---|---|
| | X *Bill W. Coble* |
| | Officer's signature |
| | |
| | Date: *9·11·08* |

2359

coble JURY 2.doc                Page 2 of 2

# Exhibit 3

02/17/10   19:17 FAX 41538902          RICHARD ELLIS Attorne                    ☒008

IN THE TEXAS COURT OF CRIMINAL APPEALS FILED
AUSTIN, TEXAS
AND
IN THE 54TH JUDICIAL DISTRICT COURT
OF McLENNAN COUNTY, TEXAS

2010 FEB 19  PM 3 17

KAREN C. MATKIN
DISTRICT CLERK
McLENNAN CO. TX.

DEPUTY _____

| | |
|---|---|
| EX PARTE<br>BILLIE WAYNE COBLE,<br><br>    Applicant. | §   Texas Court of Criminal Appeals<br>§   Cause No. AP-76,019<br>§   (Trial Court Cause No. 1989-1036-C2)<br>§   54th Judicial District Court of McLennan County<br>§<br>§ |

## ORDER ON MOTION FOR 90-DAY EXTENSION OF TIME TO FILE APPLICATION FOR WRIT OF HABEAS CORPUS

ON THIS DATE came on to be considered the Applicant's "Motion For 90-Day Extension Of Time To File Application For Writ Of Habeas Corpus." Based on Applicant's motion, and under the provisions of Tex. Code Crim. Proc. Art. 11.071 Sec. 4(a), the Court finds there is good cause to grant the requested extension.

It is therefore ORDERED that the Applicant's motion is GRANTED and Applicant has until June 6, 2010 to file his application for writ of habeas corpus.

SIGNED this ___19TH___ day of ___FEBRUARY___, 2010.


JUDGE PRESIDING

-6-

# Exhibit 4



## US NEWSPAPER - SEARCH RESULTS

**Search Type:** United States
**Selection:** %TRIBUNEHERALD%
**Sort By:** Title ASC
**Results Found:** 3

Circulation averages for the six months ended:
9/30/2009

Preliminary figures subject to audit as filed with the Audit Bureau of Circulations.
* Total Circulation = Total Average Paid Circulation

| Publication Name | Frequency | Circulation Type | Total Circulation* | Filing Status |
|---|---|---|---|---|
| TRIBUNE-HERALD, WACO (McLENNAN CO.) | AVG M (M-F) | DLY | 32,294 | |
| TRIBUNE-HERALD, WACO (McLENNAN CO.) | SUN | DLY | 37,990 | |
| TRIBUNE-HERALD, WACO (McLENNAN CO.) | SAT M | DLY | 32,622 | |

**Filing Status:** N/F - Publisher's Statement not filed by press time
T/S - Under Voluntary Temporary Suspension of Service
BC - Publisher's Statement not ncluded due to ABC Board Censure

W - Withheld from FAS-FAX pending Publisher's Materials
G - Not included due to extenuating circumstances - Hurricane
OC - Withheld pending completion of six month audit
NA - Not approved for release

Copyright © 9/30/2009 by Audit Bureau of Circulations. All rights reserved except that permission is hereby granted to reproduce excerpts if following credit line is included:
Source: Audit Bureau of Circulations
FAS-FAX Report - 9/30/2009

Copyright                                          Privacy

# Exhibit 5

## MapStats

# McLennan County, Texas

| People MapStats | McLennan County | Texas |
|---|---|---|
| ? Population, 2008 estimate | 230,213 | 24,326,974 |
| ? Population estimates base (April 1) 2000 | 213,519 | 20,851,811 |
| ? Population, percent change, April 1, 2000 to July 1, 2008 | 7.8% | 16.7% |
| ? Population, change, April 1, 2000 to July 1, 2008 | 16,694 | 3,475,163 |
| ? Persons under 5 years old, 2007 | 17,155 | 1,988,979 |
| ? Persons under 5 years old, percent, 2007 | 7.5% | 8.3% |
| ? Persons under 18 years old, 2007 | 58,898 | 6,623,366 |
| ? Persons under 18 years old, percent, 2007 | 25.8% | 27.7% |
| ? Persons 65 years old and over, percent, 2007 | 12.3% | 10.0% |
| ? Persons 65 years old and over, 2007 | 28,063 | 2,394,157 |
| ? Female persons, percent, 2007 | 51.1% | 50.1% |
| | | |
| ? White persons, 2007 (a) | 186,162 | 19,741,868 |
| ? Black persons, 2007 (a) | 34,356 | 2,857,111 |
| ? American Indian and Alaska Native persons, 2007 (a) | 1,358 | 170,835 |
| ? Asian persons, 2007 (a) | 3,512 | 814,454 |
| ? Native Hawaiian and Other Pacific Islander, 2007 (a) | 173 | 28,678 |
| ? Persons reporting two or more races, 2007 | 2,562 | 291,434 |
| ? Persons of Hispanic or Latino origin, 2007 (b) | 48,583 | 8,600,399 |
| ? White persons not Hispanic, 2007 | 139,633 | 11,443,618 |
| ? White persons, percent, 2007 (a) | 81.6% | 82.6% |
| ? Black persons, percent, 2007 (a) | 15.1% | 12.0% |
| ? American Indian and Alaska Native persons, percent, 2007 (a) | 0.6% | 0.7% |
| ? Asian persons, percent, 2007 (a) | 1.5% | 3.4% |
| ? Native Hawaiian and Other Pacific Islander, percent, 2007 (a) | 0.1% | 0.1% |
| ? Persons reporting two or more races, percent, 2007 | 1.1% | 1.2% |
| ? Persons of Hispanic or Latino origin, percent, 2007 (b) | 21.3% | 36.0% |
| ? White persons not Hispanic, percent, 2007 | 61.2% | 47.9% |
| | | |
| ? Births, 2005 | 3,409 | 385,915 |
| ? Deaths, 2005 | 2,016 | 156,457 |
| ? Infant deaths, 2005 | 27 | 2,259 |
| ? Living in same house in 1995 and 2000, pct 5 yrs old & over | 48.2% | 49.6% |
| ? Foreign born persons, percent, 2000 | 6.1% | 13.9% |

| | | |
|---|---:|---:|
| ? Language other than English spoken at home, pct age 5+, 2000 | 15.6% | 31.2% |
| ? High school graduates, percent of persons age 25+, 2000 | 76.6% | 75.7% |
| ? Bachelor's degree or higher, pct of persons age 25+, 2000 | 19.1% | 23.2% |
| ? Persons with a disability, age 5+, 2000 | 40,554 | 3,605,542 |
| ? Mean travel time to work (minutes), workers age 16+, 2000 | 20.0 | 25.4 |

| | | |
|---|---:|---:|
| ? Housing units, 2007 | 91,908 | 9,432,672 |
| ? Housing units, net change, April 1, 2000 to July 1, 2007 | 7,112 | 1,275,111 |
| ? Housing units percent change, April 1, 2000 to July 1, 2007 | 8.4% | 15.6% |
| ? Homeownership rate, 2000 | 60.2% | 63.8% |
| ? Median value of owner-occupied housing units, 2000 | $67,700 | $82,500 |
| ? Households, 2000 | 78,859 | 7,393,354 |
| ? Persons per household, 2000 | 2.59 | 2.74 |
| ? Median household income, 2007 | $40,459 | $47,563 |
| ? Persons below poverty, percent, 2007 | 19.1% | 16.3% |

| **Business MapStats** | **McLennan County** | **Texas** |
|---|---:|---:|
| ? Personal income, 2006 ($million) | 6,411 | 823,159 |
| ? Personal income per capita, 2006 | $28,340 | $35,166 |
| ? Civilian labor force, 2007 | 112,867 | 11,492,422 |
| ? Unemployment rate, 2007 | 4.2% | 4.3% |
| ? Full-time and part-time employment by place of work, 2006 | 133,503 | 13,514,130 |
| ? Full-time and part-time employment, net change 2000 to 2006 | 9,403 | 1,269,431 |
| ? Employment in government, 2006 | 17,374 | 1,864,149 |
| ? Earnings, 2006 ($1000) | 4,948,947 | 673,309,138 |
| ? Average earnings per job, 2006 | $37,070 | $49,823 |
| ? Private nonfarm establishments, 2006 | 4,960 | 509,080[1] |
| ? Private nonfarm employment, 2006 | 90,403 | 8,711,476[1] |
| ? Private nonfarm employment, percent change 2000-2006 | -0.3% | 8.5%[1] |

| | | |
|---|---:|---:|
| ? Total number of firms, 2002 | 15,273 | 1,734,509 |
| ? Black-owned firms, percent, 2002 | 5.1% | 5.1% |
| ? American Indian and Alaska Native owned firms, percent, 2002 | S | 0.9% |
| ? Asian-owned firms, percent, 2002 | 2.1% | 4.5% |
| ? Native Hawaiian and Other Pacific Islander owned firms, percent, 2002 | F | 0.1% |
| ? Women-owned firms, percent, 2002 | 25.3% | 27.0% |
| ? Hispanic-owned firms, percent, 2002 | 6.1% | 18.4% |

| | | |
|---|---:|---:|
| ? Manufacturers shipments, 2002 ($1000) | 4,239,088 | 310,815,965 |
| ? Accommodation and foodservices sales, 2002 ($1000) | 292,764 | 29,914,774 |
| ? Wholesale trade sales, 2002 ($1000) | 3,715,668 | 397,405,111 |

| | | | |
|---|---|---:|---:|
| ? | Retail sales, 2002 ($1000) | 2,199,055 | 228,694,755 |
| ? | Retail sales per capita, 2002 | $10,123 | $10,528 |
| ? | Building permits, 2007 | 1,064 | 176,992 |
| ? | Valuation of building permits, 2007 ($1000) | 143,018 | 24,777,896 |
| ? | Farm land, 2002 (acres) | 538,473 | 129,877,666 |
| ? | Federal spending, 2007 ($1000) | 1,503,698 | 171,765,961[1] |
| ? | Federal spending per capita, 2007 | $6,592 | $7,186[1] |

| | Geography MapStats | McLennan County | Texas |
|---|---|---:|---:|
| ? | Land area, 2000 (square miles) | 1,041.88 | 261,797.12 |
| ? | Persons per square mile, 2000 | 204.9 | 79.6 |
| ? | FIPS Code | 309 | 48 |
| ? | Metropolitan or Micropolitan Statistical Area | Waco, TX Metro Area | |

1: Includes data not distributed by county.

Download the full data set

(a) Includes persons reporting only one race.
(b) Hispanics may be of any race, so also are included in applicable race categories.

Figures are in absolute numbers unless otherwise indicated.

FN: Footnote on this item for this area in place of data
NA: Not available
D: Suppressed to avoid disclosure of confidential information
X: Not applicable
S: Suppressed; does not meet publication standards
Z: Value greater than zero but less than half unit of measure shown
F: Fewer than 100 firms

Source: Bureau of Economic Analysis, Bureau of Labor Statistics, National Agricultural Statistics Service, National Center for Health Statistics, U.S. Census Bureau.
Last Revised: Friday, 10-Jul-2009 13:32:59 EDT

**Fedstats - www.fedstats.gov/**
About Fedstats
Send your feedback to Fedstats

Information quality
Privacy and accessibility

Profile    Real Estate    Weather    Hotels

Search

Texas > Waco Profile

# Waco, TX Profile

Waco, TX, population 124,009, is located in Texas's McLennan county, about 82.0 miles from Ft Worth and 82.1 miles from Arlington.

Through the 90's Waco's population has grown by about 10%. It is estimated that in the first 5 years of the past decade the population of Waco has grown by about 6%. Since 2005 Waco's population has grown by about 3%.

Waco's property crime levels tend to be much higher than Texas's average level. The same data shows violent crime levels in Waco tend to be higher than Texas's average level.

**Free Sex Offender Report**
Where do Sex Offenders live in Your
Neighborhood? Find out in 60 secs!

**Waco TX Real Estate**
All the Answers at one Site Homes, Land,
Farm&Ranch

Ads by Google

## Nearby Towns & Cities

Beverly Hills
2.0 Miles
Bellmead
3.8 Miles
Woodway
4.6 Miles
Robinson
6.0 Miles
Lacy-Lakeview
6.1 Miles
Hewitt
6.7 Miles
Hallsburg
11.3 Miles
Gholson
11.3 Miles
Ross
11.8 Miles
Lorena
12.0 Miles

## Population Statistics

### Gender

| Population by Gender | | As % of Population |
|---|---|---|
| Males | 48% | |
| Females | 52% | |

## Nearest Big Cities
(Population 100,000+)

Ft Worth
82.0 Miles
Arlington
82.1 Miles
Grand Prairie
82.2 Miles
Dallas
87.7 Miles
Irving
88.2 Miles
Mesquite
90.1 Miles
Austin
95.5 Miles
Carrollton
98.2 Miles
Garland
98.9 Miles
Plano
105.0 Miles

### Race

| Population by Race | | As % of Population |
|---|---|---|
| White | 61% | |
| African American | 23% | |
| Native American | 1% | |
| Asian | 1% | |
| Hawaiian | 0% | |
| Other/Mixed | 14% | |

### Age

| Median Age | | Vs. State Median Age |
|---|---|---|
| Population | 27.9 | |
| Males | 26.4 | |
| Females | 29.6 | |

| Males by Age | | Females by Age | | Age Distribution |
|---|---|---|---|---|
| Under 20 | 16% | Under 20 | 16% | |
| 20 to 40 | 16% | 20 to 40 | 16% | |
| 40 to 60 | 9% | 40 to 60 | 10% | |
| Over 60 | 6% | Over 60 | 10% | |

### Size

| Population by Year | Change Rate | Vs. State Change Rate |
|---|---|---|
| 2000 | 114,440 | N/A |
| 2001 | 115,099 | 0.58% |
| 2002 | 116,046 | 0.82% |
| 2003 | 117,271 | 1.06% |
| 2004 | 118,959 | 1.44% |
| 2005 | 120,041 | 0.91% |
| 2006 | 120,838 | 0.66% |
| 2007 | 122,408 | 1.3% |
| 2008 | 124,009 | 1.31% |

## Economics

| | Household Income | Vs. State Median Income |
|---|---|---|
| Median | $26,264 | |

## Law Enforcement Statistics
### Violent Crimes

| | Rate Per 100K People | Vs. State Violent Crime Rate |
|---|---|---|
| 2001 | 776 | |
| 2002 | 796 | |
| 2003 | 688 | |
| 2004 | 720 | |
| 2005 | 746 | |
| 2006 | 763 | |
| 2007 | 930 | |
| 2008 | 837 | |

| Year | Murder, Man-Slaughter | Forcible Rape | Robbery | Aggravated Assault |
|---|---|---|---|---|
| 2001 | 7 | 100 | 289 | 527 |
| 2002 | 14 | 58 | 277 | 596 |
| 2003 | 14 | 40 | 215 | 540 |
| 2004 | 17 | 43 | 240 | 556 |
| 2005 | 12 | 60 | 257 | 566 |
| 2006 | 9 | 72 | 257 | 614 |
| 2007 | 6 | 95 | 275 | 763 |
| 2008 | 11 | 75 | 252 | 693 |

## Property Crimes

| | Rate Per 100K People | Vs. State Property Crime Rate |
|---|---|---|
| 2001 | 8,132 | |
| 2002 | 8,466 | |
| 2003 | 7,463 | |
| 2004 | 7,743 | |
| 2005 | 7,389 | |
| 2006 | 6,084 | |
| 2007 | 6,554 | |
| 2008 | 6,000 | |

| Year | Burglary | Larceny, Theft | Motor Vehicle Theft |
|---|---|---|---|
| 2001 | 1,875 | 6,787 | 796 |
| 2002 | 2,197 | 7,143 | 718 |
| 2003 | 2,176 | 5,990 | 607 |
| 2004 | 2,167 | 6,486 | 550 |
| 2005 | 2,413 | 5,740 | 692 |
| 2006 | 2188 | 4869 | 455 |
| 2006 | 1987 | 5611 | 431 |
| 2006 | 2090 | 4915 | 388 |

## Location

| Land Area | 75.8 Square Miles |
|---|---|
| Water Area | 11.3 Square Miles |



| MapStats |
|---|

# Crimes reported in McLennan County Texas
# Crime 2000

[ Arrests ]  [ Crimes Reported ]  [ Back To McLennan County, Texas ]

**Note: This table is no longer being maintained. For later data, see the** National Archive Of Criminal Justice Data, University Of Michigan .

Statistics presented are based on data collected by the FBI as part of its Uniform Crime Reporting Program. These data represent offenses reported to and arrests made by State and local law enforcement agencies as reported to the FBI. These data do not include Federal law enforcement activity. Additionally, not all law enforcement agencies consistently report offense and arrest data to the FBI. Users should refer to the Coverage Indicator for the proportion of the population covered by the agencies reporting to the FBI.

[ Caution ] [ Coverage ] [ Definitions Of Crimes ]

| Crime | Number |
|---|---:|
| Total | 12,952 |
| Murder | 16 |
| Rape | 179 |
| Robbery | 266 |
| Aggravated Assault | 745 |
| Burglary | 2,131 |
| Larceny - theft | 8,376 |
| Motor vehicle thefts | 1,170 |
| Coverage indicator | 100% |

Data provided by the Federal Bureau of Investigation to the National Archive of Criminal Justice Data, University of Michigan

Population statistics are based on data provided by the FBI and may differ from similar statistics reported by the Census Bureau. Population statistics generated by the FBI are used to calculate crime rates and to estimate the proportion of the population covered by the UCR program.

Additional Information On Crime In US Localities

---

Fedstats  - **www.fedstats.gov/**
About Fedstats
Send Your Feedback To Fedstats

Information Quality
Privacy And Accessibility

Page Last Modified: April 20, 2007

# Exhibit 6

## COBLE MEDIA

| Event | Date | Number of Newspaper Articles | Number of TV newstories |
|---|---|---|---|
| Murders | Aug 29, 1989 | 9 | |
| Filed motion to change venue | Nov 13, 1989 | | |
| Trial | April, 1990 | 18 | |
| Direct Appeal – CCA | Nov 3, 1993 | 1 | |
| SCOTUS-cert denied | Oct 3, 1994 | | |
| 5th Cir. denied COA | July, 2005 | | |
| 5th Cir. Habeus Relief Granted | Aug 14, 2007 | 6 | 12 |
| Re-trial in McLennan County | Aug 2008 | 22 | 61 |

**Newspaper Articles**

| Date | Number of Articles |
|---|---|
| 1989 | 9 |
| 1990 | 18 |
| 1993 | 1 |
| 2000 | 1 |
| 2001 | 1 |
| 2005 | 1 |
| 2006 | 6 |
| 2007 | 6 |
| 2008 | 22 |

**TV Newstories**

| Date Range | Number of Stories |
|---|---|
| Aug-Oct 2007 | 29 |
| Jan-Oct 2008 | 71 |

# Federal judge dismisses convicted killer's appeal

By   TOMMY WITHERSPOON

Tribune-Herald staff writer
Published September 7, 2000

A federal judge in Waco has rejected Billie Wayne Coble's latest appeal, moving the convicted murderer one step closer to the execution chamber.

U.S. District Judge Walter S. Smith Jr. rejected Coble's application for writ of habeas corpus, which alleged 25 grounds of error in Coble's capital murder trial in Waco.

Coble has been on death row since his conviction in April 1990 in the shooting deaths of his estranged wife's parents, Robert and Zelda Vicha, and her brother, Waco police Sgt. Bobby Vicha.

Coble also kidnapped his wife, Karen Vicha, after killing her parents and brother in August 1989 at their Axtell residences and tying up Karen Vicha's daughter.

Coble was arrested after he and Karen Vicha were injured in a traffic accident in Bosque County the night of the murders.

Smith granted Coble a stay of execution in May 1999 after Coble's death-row appeal reached the federal level. He had been scheduled for execution in June 1999.

The Texas Court of Criminal Appeals and the U.S. Supreme Court have rejected Coble's state appeals.

Coble's appellate attorney, Richard Ellis of Mills Valley, Calif., said he filed a 112-page motion with Smith's court Wednesday, asking the judge to reconsider his ruling. Failing that, Ellis, a death penalty opponent who is handling the appeals of six Texas death row inmates, will file an appeal with the 5th U.S. Circuit Court of Appeals in New Orleans.

Ellis alleges that Coble is entitled to an evidentiary hearing in Smith's court, despite the fact that 54th State District Judge George Allen conducted a similar hearing during Coble's state appeals in September 1998.'Deserving of punishment'

Ellis also alleges that Coble's trial attorneys, Hoagie Karels and the late Ken Ables, were ineffective, and that his own court-appointed psychiatrist testified during the punishment phase of the trial that Coble would continue to be a threat to society.

If the New Orleans federal appellate court also rejects Coble's application, that will pave the way for Allen to set another execution date for Coble, McLennan County District Attorney John Segrest said.

"Personally, I cannot think of anyone more deserving of the ultimate punishment, and I look forward to carrying this thing to its just conclusion," Segrest said. "I hope that under the findings made by Judge Smith that will be within the next six to 12 months."

Segrest said he was struck by how Coble coldly stared at his ex-wife during the September 1998 hearing in Allen's court.

"He shows absolutely no concern or remorse whatsoever for what he did," Segrest said.

Trial testimony revealed that Coble was despondent about the impending breakup of his third marriage and because he faced prison time on charges that he restrained Karen Vicha against her will on a previous occasion.

Ralph Strother, who prosecuted Coble with former District At- torney Paul Gartner, said Coble's execution is overdue.

"This guy really does deserve it," said Strother, who is now 19th State District judge. "That was really just an inexplicable crime, and he bragged about it. After he wrecked out and was lying in the hospital, he bragged about how he had killed all those people. Justice is one step closer."

Copyright 2000, Cox Newspapers, Inc. - Waco Tribune-Herald

## Glorifying killers

Published April 4, 2001 - Waco Tribune-Herald

The sensationalism that Timothy McVeigh is receiving from the media is not only offensive to the victims of the violent crime but possibly also suggestive to sickos who feed upon ideas such as his.

The book, American Terrorist: Timothy McVeigh and the Oklahoma City Bombing, and information about the criminal's thoughts are newsworthy.

However, please don't give him front-page space and publish his picture. What sort of public glorification for this heinous act can be justified?

Our family continues to wait for justice that was decreed by the courts in 1990. Over 11 years have passed since the guilty judgment.

Please remember Sgt. John Robert "Bobby" Vicha and Rob- ert and Zelda Vicha by supporting the death penalty in Tex- as.

Carol and Ted Vicha

Waco

[Waco Police Sgt. Robert Vicha, his father Robert and mother Zelda were shot to death in 1989. Billie Wayne Coble, convicted of the crimes, is on Texas death row. — Ed.]

3

# Circuit court rejects convicted killer Cobles' appeal

By    Tommy Witherspoon Tribune-Herald staff writer
Published July 19, 2005

The 5th U.S. Circuit Court of Appeals has rejected triple murderer Billie Wayne Coble's latest appeal, moving the 15-year death row inmate a step closer to the execution chamber.

In a 29-page opinion written by Circuit Judge Emilio M. Garza and issued Monday, a three-judge panel affirmed a September 2000 ruling by U.S. District Judge Walter S. Smith Jr., of Waco, to reject Coble's application for a writ of habeas corpus.

After local officials receive the final ruling from the New Orleans-based federal appellate court, 54th State District Judge George Allen likely will set a new execution date for Coble, McLennan County District Attorney John Segrest said Monday. Segrest said Coble's attorney likely will ask the appellate court to reconsider its ruling.

"This case was tried way back before I took office by (former district attorney) Paul Gartner and we have been working ever since to get it through the appellate process," Segrest said. "This is just another of the hurdles that we had to cross before justice can be attained."

Coble has been on death row since his conviction in Waco in April 1990 in the shooting deaths of his estranged wife's parents, Robert and Zelda Vicha, and her brother, Waco police Sgt. Bobby Vicha.

Coble also kidnapped his wife, Karen Vicha, after killing her parents and brother in August 1989 at their Axtell residences and tying up her daughter and nephew.

Coble was arrested after he and Karen Vicha were injured in a traffic accident in Bosque County the night of the murders.

Judge Ralph Strother, who helped Gartner prosecute Coble, said Monday that the court ruling is overdue.

"It's high time," Strother said. "He confessed in the hospital to a number of people

4

what he had done. There wasn't any question of him doing it. It was just a cold-blooded execution of three innocent people. They didn't get their day in court and he had his."

Smith granted Coble a stay of execution in May 1999 after Coble's death-row appeal reached the federal level. Coble had been scheduled for execution in June 1999.

The Texas Court of Criminal Appeals and the U.S. Supreme Court have rejected Coble's state appeals.

Coble has alleged that he was not afforded effective legal representation during his trial by court-appointed attorneys Hoagie Karels and the late Ken Ables. He also alleges that the jury was not properly allowed to consider mitigating evidence that might have led to a life sentence rather than the death penalty.

Trial testimony revealed that Coble was despondent about the impending breakup of his third marriage and because he faced prison time on charges that he restrained Karen Vicha against her will on a previous occasion.

twitherspoon@wacotrib.com

757-5737

(c) 2005 Cox Newspapers, Inc. - Waco Tribune-Herald

# Execution date set for triple murderer

By   Tommy Witherspoon Tribune-Herald staff writer
Published March 24, 2006

A state district judge in Waco set an execution date Thursday for triple murderer Billie Wayne Coble, who has been on death row for 16 years.

Judge George Allen of 54th State District Court set Coble's execution for Aug. 30, almost 17 years after Coble killed his estranged wife's parents, Robert and Zelda Vicha, and her brother, Waco police Sgt. Bobby Vicha, on Aug. 29, 1989.

The judge set the date after a three-judge panel of the 5th U.S. Circuit Court of Appeals declined on Tuesday to reconsider their July 2005 rejection of Coble's appeal of his April 1990 capital murder conviction.

After fatally shooting the Vichas at their Axtell homes, Coble kidnapped his estranged third wife, Karen Vicha, tied up her daughter and nephew and told them they would not see her alive again.

Coble, now 57, was arrested after he and Karen Vicha were injured in a traffic accident in Bosque County the night of the murders.

Trial testimony revealed that Coble, a Vietnam veteran, was despondent about the impending breakup of his third marriage and because he faced prison time on charges that he restrained Karen Vicha against her will on a previous occasion.

"If you have an offense for which the law provides death as a penalty, this fact situation certainly qualifies," said McLennan County District Attorney John Segrest, who was not in office when Coble was tried. "Coble didn't really have a long history of criminal offenses, but that single afternoon of Aug. 29, 1989, was so horrendous that death is certainly an appropriate punishment."

Segrest said Coble's execution date was suggested by the Texas Attorney General's Office, which represents the state in death row inmates' federal appeals. A date five months away will give Coble's attorneys time to ask the Supreme Court to consider Coble's appeal again.

The Texas Court of Criminal Appeals and the U.S. Supreme Court have rejected Coble's state appeals.

Coble's son, Gordon, a 33-year-old auto mechanics student at Texas State Technical College, said Thursday that he last visited his father on death row in December. He said he will attend his execution in August if it is carried out.

"I am going to be by his side no matter what," Gordon Coble said. "He's my daddy. I'll always love him. That has never changed. I have always loved him with all my heart."

Gordon Coble, who has two sons, said he had not given the death penalty much thought because he was so young when his father was convicted. Now, he says he can see both sides of the issue.

"There are no winners in any of this. It is a lose-lose situation," he said.

Judge Ralph Strother, who prosecuted Coble with former District Attorney Paul Gartner, said that Coble's execution is long overdue.

"It's high time," Strother said. "He confessed in the hospital to a number of people what he had done. There wasn't any question of him doing it. It was just a cold-blooded execution of three innocent people. They didn't get their day in court and he had his."

Coble has alleged that he was not afforded effective legal representation during his trial by court-appointed attorneys Hoagie Karels and the late Ken Ables. He also alleges that the jury was not properly allowed to consider mitigating evidence that might have led to a life sentence instead of the death penalty.

twitherspoon@wacotrib.com

757-5737

(c) 2006 Cox Newspapers, Inc. - Waco Tribune-Herald

# Attorney moves to annul Coble execution date

Published April 12, 2006
By Tommy Witherspoon

Tribune-Herald staff writer

An attorney for condemned murderer Billie Wayne Coble has asked a judge in Waco to set aside Coble's execution date, set for Aug. 31.

Judge George Allen of Waco's 54th State District Court set Coble's execution date last month after a three-judge panel of the 5th U.S. Circuit Court of Appeals in New Orleans declined to reconsider its July 2005 rejection of Coble's appeal of his April 1990 capital murder conviction.

Coble, a Vietnam veteran depressed over the impending breakup of his third marriage, was sentenced to death for killing his estranged wife's parents, Robert and Zelda Vicha, and her brother, Waco police Sgt. Bobby Vicha, at their Axtell homes on Aug. 29, 1989.

Coble's attorney, Richard Ellis, of Mill Valley, Calif., claims Allen had no jurisdiction to set Coble's execution date because Ellis still intends to ask the entire 19-judge federal appeals court in New Orleans to reconsider Coble's appeal.

Allen said Tuesday that he doesn't intend to take any action on Ellis' motion. District Attorney John Segrest asked Allen to set the execution date after the state attorney general's office, which represents the state in federal death penalty appeals, informed him last month that Coble was eligible for an execution date.

twitherspoon@wacotrib.com

757-5737

(c) 2006 Cox Newspapers, Inc. - Waco Tribune-Herald

# Judge declines to throw out convicted murderer's execution date

Published April 13, 2006
By Tommy Witherspoon

Tribune-Herald staff writer

A judge declined Wednesday to withdraw an execution date for condemned murderer Billie Wayne Coble.

Judge George Allen of Waco's 54th State District Court rejected a motion from Coble's attorney that sought to have the Aug. 31 execution date withdrawn.

Coble was sentenced to death in the shooting deaths of his estranged wife's parents, Robert and Zelda Vicha, and her brother, Waco police Sgt. Bobby Vicha, at their Axtell residences Aug. 29, 1989.

Coble's attorney, Richard Ellis, of Mill Valley, Calif., claimed in the motion filed this week that Allen had no jurisdiction to set Coble's execution date because Ellis still intends to ask the 5th U.S. Circuit Court of Appeals to reconsider Coble's appeal.

A three-member panel of the New Orleans-based federal appellate court rejected a Coble motion for a rehearing last month.

twitherspoon@wacotrib.com

757-5737

(c) 2006 Cox Newspapers, Inc. - Waco Tribune-Herald

## Murdered officer's son is now a prosecutor

Published April 15, 2006
By Tommy Witherspoon

Tribune-Herald staff writer

He was 11 years old when his father, Waco police Sgt. Bobby Vicha, and his grandparents were murdered by Billie Wayne Coble at their homes in Axtell.

Now, with Coble's 16-year stint on death row perhaps coming to an end with an Aug. 30 execution date, 27-year-old J.R. Vicha is working as a prosecutor, fulfilling his childhood goal of following his father into law enforcement.

Vicha started work Monday as an assistant to McLennan County District Attorney John Segrest after brief stints as staff attorney for the Brazos River Authority and as a juvenile probation officer.

With a little more seasoning, it might not be too much longer before Vicha starts prosecuting felons in the same courtroom where Coble was sentenced to death in 1990. Vicha and Segrest say it was pure coincidence that Judge George Allen set Coble's execution date on March 23, three weeks before Vicha started work in the district attorney's office.

Vicha applied about six months ago for a job with Segrest's office, but it was for a position handling Child Protective Services cases, and Vicha wanted to prosecute criminals.

"This whole thing is pure coincidence," the unassuming Vicha said. "I don't really care for any extra attention for anything. I just want to come in here and try to do a good job."

Segrest said he had known Vicha's dad, the 18-year Waco police veteran, "for just about forever." But the younger Vicha got the job on his credentials, not his lineage, Segrest said.

10

"He came very highly recommended. He was a top student in law school, he has long-standing association and roots in McLennan County, and he seems to be a very competent young man." Segrest said. "Those other things may have moved him in the direction of being a prosecutor, but what moved us in the direction of wanting him to prosecute with us is his perceived intelligence and ability."

Vicha has sketchy recollections of attending Coble's trial for a few days when he was 11, saying he sat on the front row while then District Attorney Paul Gartner and his first assistant at the time, Ralph Strother, gave stirring closing statements that convinced a jury that Coble should die for his crimes.

Coble, despondent over the breakup of his third marriage, drove to Axtell intending to convince his estranged wife, Karen Vicha Coble, to give him another chance and to ask her to drop kidnapping charges against him for an incident after their separation.

He encountered Vicha's grandfather, Robert Vicha, while looking for Karen and shot the 64-year-old in the kitchen. Coble then went to the house of Bobby Vicha, Karen's brother, about 100 yards down the road and ambushed him in the garage as the police sergeant parked his car.

Bobby Vicha put up a fight, apparently diving back into his car for his gun and wounding Coble in the right hand before Coble fatally shot him several times.

Officials say Zelda Vicha, 60, J.R. Vicha's grandmother, was shot to death after she arrived home later that evening. Coble then went to Karen Vicha Coble's home nearby, put toy handcuffs on J.R. and his three cousins and told Karen's three daughters to tell their mother goodbye. Then he kidnapped Karen Coble, got into a high-speed chase in Bosque County and wrecked his car, sending them both to a hospital.

"From what I saw, (Coble) was OK," Vicha said. "Obviously, I was young and there were things I didn't know, but from what I saw of him, it surprised me that he would do something like that. But he obviously had a lot of issues I didn't know about."

Vicha wanted to follow his dad into police work as long as he could remember. Those plans changed, however, after he decided he didn't want to work nights and weekends or leave Waco to work for a federal law enforcement agency.

11

"I am so very proud of J.R.," said Karen Vicha, who has since remarried and moved to South Texas. "My brother had such big plans and dreams for him, and he has proven himself in so many ways. I know that my brother shares our pride in all that J.R. has accomplished. He is a special person, just as his dad was."

Strother, who prosecuted Coble and is now a state district judge, has served as sort of a mentor over the years for Vicha. As a former police legal adviser, Strother met Bobby Vicha in 1983 and said he was a "good man and a good officer."

"J.R. is a very, very nice young man with a lot of ability," Strother said. "He is very intelligent. Wherever he practices law, he is going to make somebody a good lawyer. I am just thrilled, given his past life experiences and all he has had to overcome, that he is now in the legal system."

J.R. Vicha and his wife, Kimberly, are building a house 200 yards from his father's old house. Still, he says, it's a little early to predict if he will be a career prosecutor.

"At this point, I have only been working here four days," Vicha said earlier this week. "I feel a little overwhelmed, but we'll see how it goes."

twitherspoon@wacotrib.com

757-5737

(c) 2006 Cox Newspapers, Inc. - Waco Tribune-Herald

# Supreme Court OKs challenges to lethal injections

Published June 25, 2006
By Tommy Witherspoon    Tribune-Herald staff writer

A U.S. Supreme Court ruling earlier this month that opened the door to challenging lethal injections has given renewed hope to condemned prisoners facing execution.

It remains unclear whether the opinion, written by Justice Anthony Kennedy, will play a significant role in the cases of Waco death row inmates Billie Wayne Coble and Michael Dewayne Johnson, who have execution dates set in August and October, respectively.

The Supreme Court ruled that inmates can challenge the method by which most states execute prisoners on the grounds that the chemicals used in lethal injections cause unnecessary pain and violate their Eighth Amendment rights against cruel and unusual punishment.

The court ruled that those challenges can be brought in the form of civil rights lawsuits, even after prisoners have exhausted their regular state and federal appeals.

The decision delayed the execution of Clarence Hill, a 47-year-old Florida death row inmate convicted of murdering a policeman in 1983. Hill was strapped down in the execution chamber with tubes in his arms when the Supreme Court halted his execution in January.

Although the court said the inmates can file the special appeals, Kennedy wrote that they will not always be entitled to stays of execution.

"Both the state and the victims of crime have an important interest in the timely enforcement of a sentence," Kennedy wrote in the June 12 opinion.

The ruling does not address whether the method of lethal injection violated the U.S. Constitution.

"It is a rapidly developing question of law which we are studying carefully," said Waco attorney Greg White, who represents Michael Johnson.

Johnson is set to be executed Oct. 19 for the September 1995 shooting death of Jeff Wetterman at the Wetterman family convenience store in Lorena.

White, who is preparing to file Johnson's next appeal with the U.S. Supreme Court before a July 11 deadline, said he is "not prepared to say" how the ruling might affect Johnson's case or if he plans to challenge the constitutionality of the execution process.

Richard Ellis, an attorney from Mill Valley, Calif., who represents Coble, did not return messages left at his office during the past week. Coble was convicted of the April 1990 shooting deaths of his estranged wife's brother, Waco police Sgt. Bobby Vicha, and her parents, Robert and Zelda Vicha. His execution date is Aug. 30.

White called the opinion "somewhat significant" because it offers another avenue to challenge the death penalty that is not necessarily encumbered by the "many limitations" associated with the normal appellate process.

McLennan County District Attorney John Segrest said he expects defense attorneys and anti-death penalty forces to rally behind the Supreme Court opinion and rush to court with civil rights lawsuits.

"We recognize that people will try to use this as a way to delay their execution, and that is not necessarily going to happen," Segrest said. "Just because you file a lawsuit, that doesn't mean that you automatically get a stay of execution. You have to cross that threshold and prove that your claims have merit."

Jerry Strickland, a spokesman for the Texas Attorney General's Office, which represents the state in federal death penalty appeals, said Lamont Reese, who was executed Tuesday, filed such a claim and was denied.

"We will continue to address legal challenges that are brought before the courts," Strickland said.

Avoiding cruelty

Segrest said a death sentence does not necessarily meet the standard to prove that the punishment is cruel and unusual as defined by the Supreme Court.

"In a humane society, even a society that carries out the death penalty, you can do it in such a way as to not inflict needless pain and suffering. A civilized society says you must forfeit your life, but we are not going to do it in a way to make it cruel if we can do it otherwise," Segrest said.

Michelle Lyons, a Texas prison system spokeswoman, said there are no plans to change the execution protocol.

Prisoners are given three injections, and all three are delivered in a lethal dose, Lyons said. The first chemical is a sedative called sodium thiopental. The second is a muscle relaxer called pancuronium bromide, which collapses the lungs and diaphragm. The third, potassium chloride, stops the heart.

Death penalty opponents argue that the second chemical causes pain that is masked by the delivery of the first chemical.

"The only reference that I have personally seen to the chemicals has been inmates who have referenced that they have a particular taste in their mouth," Lyons said. "They haven't said it is good or bad, they have just said they taste it."

In the 1972 Furman v. Georgia case, Supreme Court Justice William Brennan wrote, "There are . . . four principles by which we may determine whether a particular punishment is 'cruel and unusual.' "

* The "essential predicate" is "that a punishment must not by its severity be degrading to human dignity, especially torture."

* "A severe punishment that is obviously inflicted in wholly arbitrary fashion."

* "A severe punishment that is clearly and totally rejected throughout society."

* "A severe punishment that is patently unnecessary."

Texas has carried out 367 lethal injections since it resumed the death penalty in December 1982.

twitherspoon@wacotrib.com

(c) 2006 Cox Newspapers, Inc. - Waco Tribune-Herald

# Stay of execution granted for convicted triple murderer

Published July 1, 2006
By Tommy Witherspoon

Tribune-Herald staff writer

A three-judge panel of the 5th U.S. Circuit Court of Appeals has granted a stay of execution for convicted murderer Billie Wayne Coble.

Without comment, Judge Carl E. Stewart and E. Grady Jolly voted to approve a defense motion to vacate 54th State District Judge George Allen's Aug. 30 execution date for Coble.

Judge Emilio M. Garza noted on the one-page order that he would deny the motion.

Coble was sentenced to death in the August 1989 shooting deaths of his estranged wife's parents, Robert and Zelda Vicha, of Axtell, and her brother, Waco police Sgt. Bobby Vicha.

Allen, who presided over Coble's trial in Waco in 1990, set Coble's death date in April at the suggestion of the Texas Attorney General's Office after the 5th Circuit rejected Coble's appeal. The attorney general represents the state in death row federal appeals.

The theory at the time was that a death date five months away would give Coble's attorney sufficient time to ask the Supreme Court to reconsider Coble's appeal.

Coble's attorney, Richard Ellis, of Mill Valley, Calif., asked Allen to vacate his order, arguing that the appeals court in New Orleans still had jurisdiction in the case because he was entitled to ask the entire court to reconsider the ruling.

"While the order did not specify a reason for the stay, the motion that the 5th Circuit Court of Appeals granted was based on the trial court's lack of jurisdiction to set an execution date for Billie Coble, as his case was still pending in that court when the date was set," Ellis said Friday. "Mr. Coble's case is still pending

16

his motions for rehearing in the 5th Circuit."

If the appeals court rejects Coble's motion for a re-hearing, the Coble will be eligible for another execution date.

J.R. Vicha, Bobby Vicha's son and a prosecutor in the McLennan County District Attorney's Office, declined to comment on the court decision, which was filed Thursday.

Ralph Strother, who prosecuted Vicha before he became 19th State District Court judge, declined comment, saying, "Anything that I would say right now would be unprintable."

twitherspoon@wacotrib.com

757-5737

(c) 2006 Cox Newspapers, Inc. - Waco Tribune-Herald

# Court overturns Billie Wayne Coble's death sentence

Published August 15, 2007
By Tommy Witherspoon

Tribune-Herald staff writer

A year after the 5th U.S. Circuit Court of Appeals granted a stay of execution for Billie Wayne Coble and 18 years after he reportedly bragged about killing three people in Axtell, the New Orleans-based appeals court has overturned Coble's death sentence and awarded him a new trial.

In a 28-page opinion issued Tuesday afternoon, the judges of the 5th U.S. Circuit Court of Appeals said the two special issues that Coble's McLennan County jury had to answer for the death penalty to be assessed � whether he commited murder deliberately and would be a future danger to society � were unconstitutional as they were applied to him.

The special issues posed to the jury came from instructions under the Texas death penalty statute at the time. The 5th Circuit's ruling reflects changes made since then that limit the scope of the death penalty and allow a life sentence to be imposed if Texas juries believe there is sufficient mitigating evidence to preclude the imposition of the death penalty.

Coble, now 58, has been on death row since his 1990 conviction in the August 1989 shooting deaths of his estranged wife's parents, Robert and Zelda Vicha, of Axtell, and her brother, Waco police Sgt. Bobby Vicha.

The court rejected Coble's claims he was the victim of ineffective assistance of counsel at trial. However, it reversed the death sentence because the judges said Coble's jury was not allowed to give proper weight to mitigating factors that could have changed their answer to the future dangerousness issue.

Coble was represented at trial by Ken Ables, who has since died, and Hoagie Karels.

"It has been a very long time, but finally the courts have agreed that the instructions

given, which Ken Ables and I objected to at trial, were in error," Karels said. "And now, with a new trial and a new jury, the jury can render a verdict proper under the facts and the correct instructions."

Ralph Strother, now 19th State District judge, prosecuted the case with former McLennan County District Attorney Paul Gartner, who also has since died.

"I am just appalled and shocked and stunned and sickened at the busting of a death penalty case on these types of technicalities," Strother said. "I defy anyone to fully understand what they are saying. It makes no legal sense, no moral sense.

'Might-have-beens'

"It is just clear that they didn't want to impose the death penalty in this case. They are substituting their judgment for that of the jury and engaging in fanciful might-have-beens or what the jury might have done when the jury clearly had the facts before them and made the decision based on those facts," he said.

Strother said jurors in Coble's case were given the same instructions as jurors in Clydell Coleman's case. Those instructions were upheld and Coleman was executed in May 1999 in the February 1989 beating death of 87-year-old Waco resident Leteisha Joe.

"Here you have this vermin who snuffed out three innocent lives like they were nothing more than a candle, and now he may get to live the rest of his natural life," Strother said.

Coble's appellate attorney, Richard Ellis of Mill Valley, Calif., did not return phone messages Tuesday.

Ted Vicha, Robert Vicha's brother, and his wife, Carolyn, took news of the court's action badly. They said there is no question of Coble's guilt, recalling testimony from his trial of a nurse who was treating Coble's wounds after he and his estranged wife, Karen Vicha Coble, were injured in a car crash in Bosque County while running from police. "Have you ever seen somebody who just killed three people?" Coble reportedly asked her.

'This don't make sense'

19

"When someone brags about killing three people, how in the world can anybody take pity on him?" Ted Vicha said. "This don't make sense one cotton-pickin' bit. I don't understand. We have been waiting 18 years, and it's costing taxpayers all this for nothing when he should have been buzzard bait a long time ago."

Coble, despondent over the breakup of his third marriage, drove to Axtell intending to convince his wife to give him another chance and to ask her to drop kidnapping charges against him for a separate incident after their separation, according to trial testimony.

He encountered Robert Vicha while looking for Karen, and shot the 64-year-old in the kitchen, according to trial testimony. Coble then went to Bobby Vicha's house, just down the lane, and ambushed him in the garage as the police sergeant parked his car.

Bobby Vicha put up a fight, apparently diving back into his car for his gun and wounding Coble in the right hand before Coble fatally shot him several times, according to the testimony.

Officials say Zelda Vicha was shot to death after she arrived home later that evening. Coble then went to Karen's home nearby, put toy handcuffs on Bobby Vicha's son, J.R. Vicha, and his three cousins and told Karen's three daughters to tell their mother goodbye.

He kidnapped Karen before getting into the high-speed chase and wrecking in Bosque County, according to testimony.

J.R. Vicha is now a prosecutor on McLennan County District Attorney John Segrest's staff.

State appeal expected

Segrest said Tuesday he expects the attorney general's office, which represents the state in federal death penalty appeals, to ask the 5th Circuit to reconsider its ruling.

Coble's attorneys offered testimony at trial about Coble's troubled childhood and his traumatic experiences in combat while in Vietnam.

5th Circuit Judge Emilio M. Garza wrote that the jury might have placed more relevance on those experiences if given the opportunity by the wording of the special issues.

"With respect to his mental illness, there was at least some evidence introduced at Coble's trial that his post-traumatic stress and bipolar disorders were amenable to treatment," Garza wrote. "Based on this evidence, the jury might have concluded that Coble, if properly treated, would be less likely to commit criminal acts constituting a continuing threat to society.

"Similarly, the jury might have reasoned that as Coble aged and became more chronologically removed from his difficult childhood and traumatic experiences in Vietnam, his troubled background would exercise a lesser degree of influence over his actions, thereby rendering him less of a future danger."

twitherspoon@wacotrib.com

757-5737

(c) 2007 Cox Newspapers, Inc. - Waco Tribune-Herald

# Texas attorney general's office won't appeal ruling overturning Coble death sentence

Published September 21, 2007
By Tommy Witherspoon

Tribune-Herald staff writer

The Texas attorney general's office will not appeal last month's ruling by the 5th Circuit Court of Appeals that overturned triple murderer Billie Wayne Coble's death sentence.

That decision paves the way for Coble to be returned to Waco for a new punishment trial.

"I can't get into the reason why we didn't appeal the ruling. It is just a decision from our attorneys here ◆ a legal decision that we can't go into," said Lauri Saathoff, a spokeswoman for the Texas attorney general's office.

The attorney general's office represents the state in death row inmates' federal appeals. U.S. District Judge Walter S. Smith Jr. received the order from the New Orleans-based appellate court earlier this month and is expected to sign an order in compliance with the ruling granting Coble a new trial for punishment only.

Coble, now 58, has been on death row since his 1990 conviction in the August 1989 shooting deaths of his estranged wife's parents, Robert and Zelda Vicha, of Axtell, and her brother, Waco police Sgt. Bobby Vicha, also of Axtell.

Coble will remain on death row until Smith signs the order granting him a new trial in state district court and 54th State District Judge Matt Johnson signs a warrant to have Coble returned to the McLennan County Jail to await trial, state and local officials said.

Coble will return to Waco still guilty of the triple murder because a three-judge panel on the federal appellate court only reversed his death penalty. A new jury in his retrial will be instructed that he is guilty, leaving his punishment the only issue to be

decided. He faces the death penalty again or life in prison.

In a 28-page opinion issued Aug. 14, the appellate court said the two special issues that Coble's McLennan County jury had to answer for the death penalty to be assessed ♦ whether he committed the murder deliberately and whether he would constitute a future danger to society ♦ were unconstitutional as they were applied to him.

The special issues posed to the jury came from instructions under the Texas death penalty statute at the time. The 5th Circuit's ruling reflects changes made since then that limit the scope of the death penalty and allow a life sentence to be imposed if Texas juries believe there is sufficient mitigating evidence to preclude the imposition of the death penalty.

Coble's appellate attorney, Richard Ellis, of Mill Valley. Calif., described Coble as "content" after the ruling.

"Mr. Coble has never really focused on his case," Ellis said. "He is more interested in helping other people with their cases or sending baskets of crafts he made to underprivileged schoolchildren when he was allowed to do that.

"He has become quite a jail-house lawyer."

Coble's son, Gordon Coble, said he tried to visit his dad on death row after the ruling but was unable to get in to see him because he had already had his allotted number of visitors that month.

"We are all in pretty good spirits about it," said the 34-year-old auto mechanic. "I would like to see him live out his days without having to go back through the death row thing again. That would be so nice."

Coble, despondent over the breakup of his third marriage, drove to Axtell to convince his wife, Karen Vicha Coble, to give him another chance, according to trial testimony.

He first shot Robert Vicha in his home while looking for Karen. Coble then went down the street to Bobby Vicha's house, where he ambushed him in the garage as the police sergeant was getting out of his car.

Vicha was able to shoot Coble in the hand before Coble fatally shot him several

times, according to testimony.

Officials say Zelda Vicha was shot after she arrived home. Coble then went to Karen's home nearby, tied up Bobby Vicha's son, J.R. Vicha, and his three cousins and told Karen's three daughters to tell their mother goodbye.

He kidnapped Karen before getting into a high-speed chase and wrecking in Bosque County.

Prosecutor Crawford Long said it is too early in the process to know when Coble's retrial will be held.

twitherspoon@wacotrib.com

757-5737

(c) 2007 Cox Newspapers, Inc. - Waco Tribune-Herald

# Judge amends order in Coble murder case

Published October 18, 2007
By Tommy Witherspoon

Tribune-Herald staff writer

A Waco federal judge vacated a perplexing order issued Tuesday in the Billie Wayne Coble capital murder case and replaced it Wednesday with an amended order.

While the wording has changed, the message in both orders is the same: give the convicted triple murderer a new punishment trial within 120 days.

Coble, 58, was sentenced to death in 1990 in the August 1989 shooting deaths of his estranged wife's parents, Robert and Zelda Vicha, and her brother, Waco police Sgt. Bobby Vicha, all of Axtell.

U.S. District Judge Walter S. Smith's order Tuesday came after the 5th U.S. Circuit Court of Appeals in New Orleans overturned Coble's punishment in August, saying the two special sentencing issues considered by the jury at the time were unconstitutional as applied to Coble.

The appeals court did not overturn Coble's capital murder conviction, only his punishment, meaning that Coble is eligible only for a new trial on punishment.

Smith's former order commanded that Coble "be released unless the State of Texas provides him with a new trial within 120 days."

The order left many confused and wondering whether the judge ordered Coble to be released from custody if not tried within 120 days, even though he will be returned to Waco as a man guilty of three murders.

Smith's amended order says Coble will be "released from his death sentence unless the State of Texas provides him with a new trial (punishment phase only) within 120 days of this order."

25

In response, Judge Matt Johnson of Waco's 54th State District Court signed a warrant ordering that Coble be brought from death row in Livingston to the McLennan County Jail.

He also set a Jan. 29 trial date for Coble and appointed Georgetown attorney Russ Hunt Jr. and Gatesville attorney Scott Stevens to represent Coble at his new trial.

When told of the amended order Wednesday evening, McLennan County District Attorney John Segrest said, "The judge who presides over the trial court has control over the timing of the case. I am not going to speculate on what-ifs and what-abouts."

Jurors at Coble's new trial will have the option of sentencing him to life in prison or sending him back to death row.

twitherspoon@wacotrib.com

757-5737

(c) 2007 Cox Newspapers, Inc. - Waco Tribune-Herald

# Judge re-modifies order for new punishment trial for Coble

Published November 14, 2007
By Tommy Witherspoon

Tribune-Herald staff writer

A federal judge in Waco has issued a third order clarifying time constraints under which convicted murderer Billie Wayne Coble should be given a new punishment trial.

A new order issued by U.S. District Judge Walter S. Smith Jr. modifies his previous ruling dictating that Coble must be released from his death sentence unless he was provided a new punishment trial within 120 days.

The new order changes the wording to say that Coble must be tried "in a timely fashion, according to the State of Texas' procedural rules."

Coble, 58, was sentenced to death in 1990 in the August 1989 shooting deaths of his estranged wife's parents, Robert and Zelda Vicha, and her brother, Waco police Sgt. Bobby Vicha, all of Axtell.

The 5th U.S. Circuit Court of Appeals in New Orleans overturned Coble's punishment only in August, saying the two special sentencing issues considered by the jury at the time were unconstitutional as applied to Coble. The court did not overturn his conviction.

Smith's initial order in the case commanded that Coble "be released unless the State of Texas provides him with a new trial within 120 days." The confusing order left many wondering what the judge meant, prompting his amended order three weeks later.

As a result of Smith's second order, 54th State District Judge Matt Johnson set a Jan. 29 trial date for Coble, who was brought from death row to the McLennan County Jail on Oct. 29.

In response to Smith's new order, Johnson said he will cancel the jury panel that would have been ordered to come to court in January and will schedule a hearing for early January to determine how the case will proceed.

Officials have said that defense attorneys Russ Hunt Jr. and Scott Stevens, who were appointed to the case last month, would have been hard-pressed to have gotten ready for trial by late January.

Neither Hunt, whose office is in Georgetown, nor Stevens, from Gatesville, returned phone calls on Tuesday.

Johnson said Tuesday that he wants Coble tried before June. Jurors at Coble's new trial will have the option of sentencing him to life in prison or sending him back to death row, should the state seek the death penalty again.

twitherspoon@wacotrib.com

757-5737

(c) 2007 Cox Newspapers, Inc. - Waco Tribune-Herald

# Letters

Published November 21, 2007 - Waco Tribune-Herald
Retribution is justice

How cruel is lethal injection?

Is it as cruel as being tortured, sodomized, then murdered?

Is it as cruel as watching the person next to you have his head blown off, knowing you are next?

There is a reason people are on death row. They took someone else's life and left families grieving.

Did the person who was murdered get a chance to say, "Wait, this is cruel!"?

Did the murderer on death row say, "You're right. It is cruel. You're free to go"?

Billie Wayne Coble is a name you might recognize from newspaper articles that have pictures of him smiling through bars.

The family he tortured and murdered isn't smiling.

In his wake, he left children bound and gagged, killed the children's father and their grandparents and then kidnapped their mother, almost killing her.

He deserves more then a needle.

Jenny Dorsey

Waco

# Letters

Published November 26, 2007 - Waco Tribune-Herald

For the calculated killer

My lunch sandwich stuck in my throat as I read Tommy Witherspoon's article [Nov. 14] on Billie Wayne Coble.


My hands shook so badly I could hardly hold the newspaper.

Coble is being taken from Death Row, where he has resided for 17 years on my tax dollars, and is being brought back to McLennan County because of a technicality?

His rights were violated during the sentencing phase of his trial after being found guilty of the cold-blooded murder of three people?

No crime of passion, no self-defense ◆ a well-thought-out plan. He went to Axtell to murder the Vicha family. The scales of justice are not just broken. They have ceased to exist.

Maybe Judge Smith should take a road trip to the Axtell Cemetery. He might revisit his decision.

My opinion about the death penalty always vacillated until I had the great privilege of becoming friends with the Vichas.

Now I have no doubt that the first sentence was legitimate

Donna M Myers

Waco

# New date set for Coble punishment trial

Published January 10, 2008
By Tommy Witherspoon

Tribune-Herald staff writer

Defense attorneys Russ Hunt Jr. and Scott Stevens said Wednesday that they have a "mountain of work" to scale before they will be ready to tackle their primary goal � saving Billie Wayne Coble's life.

Judge Matt Johnson of Waco's 54th State District Court set Aug. 4 to begin jury selection for the convicted triple murderer's new punishment trial.

McLennan County District Attorney John Segrest and First Assistant District Attorney Crawford Long also announced that the state would seek the death penalty again against the 59-year-old Coble, whose death penalty was overturned in August by the 5th U.S. Circuit Court of Appeals in New Orleans.

"We hope to be ready by August," Hunt said after the brief hearing. "We hope to save Mr. Coble's life. We think he lived a life largely of service to the community before he got involved in this terrible, terrible situation. So we believe he is a person worth saving, and we will work very hard to do exactly that."

Coble, who is in the McLennan County Jail but did not attend Wednesday's hearing, had been on death row since his 1990 conviction in the August 1989 shooting deaths of his estranged wife's parents, Robert and Zelda Vicha, of Axtell, and her brother, Waco police Sgt. Bobby Vicha.

Building new trial

Segrest and Long declined comment about the upcoming trial, saying that would increase publicity about the case and could cause the trial to move from McLennan County.

Johnson said a panel of 350 potential jurors will report Aug. 1 to fill out background

31

questionnaires and will be given dates to report to court to be questioned by the attorneys and judge.

In death penalty cases, prospective jurors are questioned one at a time about their thoughts on the death penalty, their ability to follow the law and other matters, a process that could take up to a month.

Court officials say jury selection should not take as long in Coble's retrial because his conviction was not overturned, just his punishment.

In a 28-page opinion, the judges of the 5th U.S. Circuit Court of Appeals said the two special issues that Coble's McLennan County jury had to answer for the death penalty to be assessed ◆ whether he committed murder deliberately and if he constitutes a future danger to society ◆ were unconstitutional as applied to him.

The special issues posed to the jury came from instructions under the Texas death penalty statute at the time. The 5th Circuit's ruling reflects changes made since that limit the death penalty's scope and allow a life sentence to be imposed if Texas juries believe there is sufficient mitigating evidence to preclude the imposition of the death penalty.

The federal appeals court rejected Coble's claims that he was the victim of ineffective assistance of counsel at trial.

Triple murder

Hunt said Coble's trial will focus on his mental state at the time of the offense and his nonviolent record during his 18 years on death row.

"We will be able to do a better job of telling the whole story to the jury and explaining to a jury and having some experts explaining to a jury why a person would do what Mr. Coble did in this situation," Hunt said.

Coble, upset over the breakup of his third marriage, drove to Axtell intending to convince his wife to give him another chance, according to trial testimony.

He encountered Robert Vicha while looking for Karen and shot the 64-year-old in the kitchen, according to trial testimony. Coble next went to Bobby Vicha's house, just

down the lane, and ambushed him in the garage as the police sergeant parked his car.

Bobby Vicha fought back, apparently diving back into his car for his gun and wounding Coble in the right hand before Coble shot him several times, according to the testimony.

Officials say Zelda Vicha was shot to death after she arrived home later that evening. Coble then kidnapped Karen before getting into a high-speed chase and wrecking in Bosque County, according to testimony.

Coble's trial attorneys offered testimony about his troubled childhood and his traumatic Vietnam combat experiences.

5th Circuit Judge Emilio M. Garza wrote that the jury might have placed more relevance on those experiences if given the opportunity by the wording of the special issues.

Treatable disorders

"With respect to his mental illness, there was at least some evidence introduced at Coble's trial that his post-traumatic stress and bipolar disorders were amenable to treatment," Garza wrote. "Based on this evidence, the jury might have concluded that Coble, if properly treated, would be less likely to commit criminal acts constituting a continuing threat to society."

Garza continued that with time, Coble may have become more removed from traumatic events of his younger life and he might be less of a danger in the future.

Hunt said he still hopes to convince Segrest to reconsider his decision to seek the death penalty. Failing that, he hopes to convince jurors that Coble, now 18 years older and with a nonviolent prison record, is no longer a threat to society.

"I think a fair, reasonable-minded juror will agree with us that with the state of this case right now, the law does not justify giving Mr. Coble the death penalty," Hunt said.

twitherspoon@wacotrib.com
(c) 2008 Cox Newspapers, Inc. - Waco Tribune-Herald

# Billie Wayne Coble's punishment retrial set for Aug. 4

Published April 26, 2008
By Tommy Witherspoon  - Tribune-Herald staff writer

Prosecutors and defense attorneys continued Friday to chart a path toward the retrial of Billie Wayne Coble, 18 years after Coble was sentenced to death in the triple slaying of his estranged wife's family.

Judge Matt Johnson of Waco's 54th State District Court granted a number of routine motions Friday during a pretrial hearing in Coble's punishment retrial. One unexpected motion granted by the judge: a request by Gatesville attorney Scott Stevens to withdraw as Coble's attorney because of family health issues.

Russ Hunt Jr., Coble's other court-appointed attorney, told Johnson that he will start recruiting a replacement immediately from the court's list of attorneys approved to take on capital murder cases. He said he hoped to have a replacement by next week.

The hearing was delayed briefly after Coble refused to leave his holding cell unless provided with clothing other than his black-and-white striped county jail overalls. Hunt found some extra clothes, and Coble entered the courtroom.

Coble, 59, was convicted of capital murder and sentenced to death in 1990 in Waco in the August 1989 shooting deaths of his estranged wife's parents, Robert and Zelda Vicha, and her brother, Waco police Sgt. Bobby Vicha, at their Axtell homes.

The 5th U.S. Circuit Court of Appeals left Coble's conviction intact but reversed the punishment in his case and sent the case back for a new punishment trial. The New Orleans court ruled that the two special issues that Coble's McLennan County jury had to answer for the death penalty to be assessed � whether he committed murder deliberately and if he constitutes a continuing threat to society � were unconstitutional as applied to him.

Johnson has set an Aug. 4 trial date for Coble.

twitherspoon@wacotrib.com

34

(c) 2008 Cox Newspapers, Inc. - Waco Tribune-Herald

**Letters**

Published June 30, 2008

Trial wasted on Coble

A new murder trial is set Aug. 4 for Billie Wayne Coble. What a waste of the court's time. I lived on the same road with his victims, the Vichas, came home from work that day and saw these happenings.

The family has to deal with the fact that Coble is eating on the county's dollar. Enough is enough. Give Coble the needle.

Dennis Cogliati

Waco

(c) 2008 Cox Newspapers, Inc. - Waco Tribune-Herald

## Coble attorneys question fairness

Published July 11, 2008
By Tommy Witherspoon          Tribune-Herald staff writer

Attorneys for convicted triple murderer Billie Wayne Coble said Thursday that
McLennan County prosecutors have a possible conflict of interest in Coble's
punishment retrial because a victim of his crime and a potential witness is now an
assistant district attorney.

Russ Hunt Jr. and Alex Calhoun, who represent Coble in his retrial, have not filed a
motion seeking recusal of District Attorney John Segrest's office but said they had
"concerns" about J.R. Vicha's employment as a Segrest assistant.

Judge Matt Johnson of Waco's 54th State District Court conducted a brief pretrial
hearing in Coble's case Thursday, making it clear that he intends to start jury selection
Aug. 1, when 350 potential jurors have been summoned to fill out a 12-page
questionnaire. Individual questioning of potential jurors, which occurs only in cases in
which the death penalty is being sought, will begin Aug. 4.

While Hunt said he and Calhoun also are considering seeking a change of venue for
the trial, the judge also made it clear that they missed the June 26 deadline for filing
pretrial motions and told them that any additional motions need to be filed as quickly
as possible.

Coble, 59, was convicted of capital murder and sentenced to death in 1990 in Waco in
the August 1989 shooting deaths of his estranged wife's parents, Robert and Zelda
Vicha, and her brother, Waco police Sgt. Bobby Vicha, at their Axtell homes.

Bobby Vicha was J.R. Vicha's father. Coble tied up J.R. Vicha, who was 11 at the
time, and his cousins before he kidnapped his wife, Karen Vicha Coble, after killing
her parents and brother.

Segrest said his office has built a "Chinese wall" � a barrier within the organization
� between Vicha and his office during its preparation for Coble's retrial. Segrest said
there is no conflict of interest for his office to retry Coble.

"There has been no motion presented, so there is really not an issue to address,"

37

Segrest said.

Hunt said he is "very concerned" about the connection but conceded that there is no legal authority to force a recusal in this case.

J.R. Vicha, who attended Coble's hearing, declined to comment about the issue Thursday.

The 5th U.S. Circuit Court of Appeals left Coble's capital murder conviction intact but reversed the punishment in his case.

That sent the case back for a new punishment trial in which prosecutors again will seek the death penalty.

The New Orleans-based court ruled that the two special issues that Coble's McLennan County jury had to answer for the death penalty to be assessed � whether he committed murder deliberately and if he constitutes a continuing threat to society � were unconstitutional as applied to him.

At his retrial, a third special issue will be added, which will ask jurors whether sufficient mitigating factors exist that make a life prison term more appropriate than a death sentence.

Coble seems to be setting up a theme for his retrial. At the past two pretrial hearings when the judge asked if he is the same Billie Wayne Coble charged in the case, Coble has answered, "No, sir, I'm much older and wiser, thanks to the grace of God."

That could represent his opening salvo in an attempt to convince jurors that he no longer is a danger after spending 18 years on death row.

twitherspoon@wacotrib.com

757-5737

(c) 2008 Cox Newspapers, Inc. - Waco Tribune-Herald

## Jurors quizzed on TV shows, bumper stickers for upcoming Billie Wayne Coble retrial

Published August 2, 2008
By Tommy Witherspoon

Tribune-Herald staff writer

Prosecutors and defense attorneys in the Billie Wayne Coble capital murder retrial want to know what kind of bumper stickers prospective jurors have on their cars or trucks.

They want to know if they have any guns in their home, if they consider themselves leaders or followers, liberal or conservative, religious or not and what TV shows they watch.

Most importantly, they want to know their views on the death penalty.

About 120 prospective jurors appeared in Waco's 54th State District Court on Friday morning to fill out a 12-page questionnaire that contained these questions and more.

Prosecutors John Segrest and Crawford Long, defense attorneys Russ Hunt Jr. and Alex Calhoun, and Judge Matt Johnson will use the questionnaires to help select a jury to hear Coble's punishment retrial beginning Tuesday.

In capital murder trials in which the state seeks the death penalty, prospective jurors are questioned individually. That process will begin Tuesday, with three potential jurors set to be questioned in the morning and three in the afternoon.

Court officials expect testimony to begin Aug. 19.

Coble, 59, was convicted of capital murder and sentenced to death in 1990 in the August 1989 shooting deaths of his estranged wife's parents, Robert and Zelda Vicha, and her brother, Waco police Sgt. Bobby Vicha, at their Axtell homes.

The 5th U.S. Circuit Court of Appeals in New Orleans reversed the penalty in Coble's case but left his capital murder conviction intact. The court held that the two special issues Coble's jury had to answer for the death penalty to be assessed � whether he

committed murder deliberately and if he constitutes a continuing threat to society � were unconstitutional as applied to him.

The special issues posed to the jury came from instructions under the Texas death penalty statute at the time. The 5th Circuit's ruling reflects changes made since then that limit the scope of the death penalty and allow a life sentence to be imposed if Texas juries believe there's sufficient mitigating evidence to preclude the imposition of the death penalty.

At Coble's upcoming retrial, jurors will consider whether sufficient mitigating factors exist that make a life prison term more appropriate than a death sentence.

Jury selection won't take as long as in his first case because Coble no longer has the presumption of innocence and attorneys won't have to grill jurors on the burden of proof standard. The voir dire process addresses punishment only.

Of the 117 jurors who showed up Friday, 32 were excused for a variety of reasons, leaving 85 potential jurors to begin jury selection.

(c) 2008 Cox Newspapers, Inc. - Waco Tribune-Herald

## Letters

Published August 3, 2008 Waco Tribune-Herald

Coble getting out soon?

Enough is enough. The face of a cold-blooded killer is back on our front page [convicted murderer Billie Wayne Coble, seeking retrial.]


Two local lawyers (I have better names for them that the Trib won't print) are assisting him. New proceedings are given Coble at taxpayer expense.

I cannot accept an explanation that the attorney is "just doing my job."

When Coble was convicted, no "life in prison without parole" possibility existed. So he will be eligible for parole after 20 years, which is approximately two years from now.

Are we in line for another Kenneth McDuff?

David Calvert

Waco

# Two jurors selected in Billie Wayne Coble murder retrial

Published August 6, 2008
By Tommy Witherspoon

Tribune-Herald staff writer

Two women � a 54-year-old teacher and a 47-year-old health care executive � became the first two jurors selected Tuesday to hear the punishment retrial of convicted triple murderer Billie Wayne Coble.

McLennan County District Attorney John Segrest and his top assistant, Crawford Long, and defense attorneys Russ Hunt Jr. and Alex Calhoun examined six potential jurors Tuesday, the first day of individual questioning of prospective jurors in Coble's capital murder retrial.

At least two potential jurors were excused Tuesday because their religious beliefs would not allow them to assess a death sentence.

Jury selection will continue until 12 jurors and two alternate jurors are selected. Judge Matt Johnson of Waco's 54th State District Court tentatively has set testimony to begin Aug. 19.

Coble, 59, was convicted of capital murder and sentenced to death in 1990 in the 1989 shooting deaths of Robert and Zelda Vicha, his estranged wife's parents, and her brother, Waco police Sgt. Bobby Vicha. They were killed at their Axtell homes before Coble kidnapped his estranged wife, Karen, and later crashed their vehicle after a chase with police in Bosque County.

A federal appeals court upheld Coble's conviction but overturned his punishment, saying special issues jurors answered that resulted in the death penalty were unconstitutional as applied to him.

Defense attorneys spent much of their time Tuesday asking potential jurors about mitigating factors and how they might apply those issues to the death-penalty

42

question.

Coble, who spent almost 18 years on death row, faces death or life in prison. Jurors will be asked whether he committed murder deliberately and if he represents a continuing threat to society. They also will be asked if sufficient mitigating factors exist that would make a life prison term more appropriate that a death sentence.

twitherspoon@wacotrib.com

757-5737

(c) 2008 Cox Newspapers, Inc. - Waco Tribune-Herald

43

## Date set for Billie Wayne Coble&apos;s capital murder sentence retrial

Published August 19, 2008
By Tommy Witherspoon     Tribune-Herald staff writer

Testimony in Billie Wayne Coble's capital murder retrial has been set to begin Monday, 19 years after Coble shot and killed his estranged wife's parents and her brother at their homes in Axtell.

Judge Matt Johnson of Waco's 54th State District Court had hoped to begin testimony this morning. However, except for two jurors being selected Monday, the process took longer than court officials expected, forcing them to postpone the beginning of testimony until next Monday. A 54-year-old home builder and a 34-year-old nurse were selected Monday.

Prosecutors and defense attorneys have approved seven men and five women as jurors since the selection process began Aug. 4 in Coble's punishment retrial, in which the only issue is whether he is sentenced to death for the second time or life in prison.

Coble, 59, spent more than 17 years on death row before a federal appeals court overturned the punishment in his case but left intact his conviction in the August 1989 deaths of Robert and Zelda Vicha and their son, Waco police Sgt. Bobby Vicha.

Jury selection will continue until two alternate jurors are picked. In death penalty cases, prospective jurors are questioned individually.

Coble's attorneys, Russ Hunt Jr. and Alex Calhoun, are hoping to convince the jury that Coble has been a model prisoner on death row, has changed over the past two decades and is no longer a continuing threat to society.

twitherspoon@wacotrib.com

757-5737

(c) 2008 Cox Newspapers, Inc. - Waco Tribune-Herald

# Jury to determine fate of convicted triple-murderer Billie Wayne Coble

Published August 25, 2008
By Tommy Witherspoon

Tribune-Herald staff writer

Jurors will begin the process today of determining whether convicted triple murderer Billie Wayne Coble will return to death row or be sentenced to life in prison.

Prosecution testimony in Coble's capital murder punishment retrial begins this morning in Judge Matt Johnson's 54th State District Court.

Coble, 59, spent more than 17 years on death row before a federal appeals court overturned his death sentence but left intact his conviction in the August 1989 deaths of Robert and Zelda Vicha and their son, Waco police Sgt. Bobby Vicha.

The trial will be a bit unusual from the standpoint that Coble no longer is afforded the presumption of innocence and the judge will instruct the jury from the start that he is guilty of murdering three people.

McLennan County District Attorney John Segrest and his top assistant, Crawford Long, have said they plan to call about 20 witnesses in Coble's retrial.

For Coble to be sent back to death row, the prosecutors will have to convince jurors that Coble acted intentionally, that he constitutes a continuing threat to society and presented insufficient mitigating evidence that would make a life sentence more appropriate.

Coble's attorneys, Russ Hunt Jr., and Alex Calhoun, are hoping to convince the jury that Coble has been a model prisoner on death row, has changed over the past two decades and is no longer a threat to society. They will present evidence of his troubled youth and his problems stemming from his service in Vietnam in mitigation for his actions.

45

"I feel comfortable that we have a number of excellent folks on the jury, and I am confident that if they will follow the law, we will be able to save Billie's life," Hunt said.

Testimony from Coble's first trial 18 years ago showed that he was despondent over the impending breakup of his third marriage. He went to Axtell looking for his estranged wife, Karen Vicha Coble, and shot and killed her parents in their homes and then her brother after ambushing him in his garage as he came home.

Coble then kidnapped Karen Vicha and tied up her children and their cousin. He later got into a high-speed chase with authorities in Bosque County before wrecking his vehicle and injuring himself and his wife.

twitherspoon@wacotrib.com

757-5737

(c) 2008 Cox Newspapers, Inc. - Waco Tribune-Herald

46

## Witnesses talk of sexual, physical abuse by Coble in murder retrial

Published August 26, 2008
By Tommy Witherspoon

Tribune-Herald staff writer

Waco police Sgt. Bobby Vicha warned Billie Wayne Coble to stay away from his sister, Karen, less than a month before Coble ambushed and shot Vicha with his own gun, killed his parents and then kidnapped Karen a second time, a retired police detective testified Monday.

Prosecutors called seven witnesses Monday, the first day of testimony in Coble's capital murder punishment retrial, including four women who told jurors Coble had improper sexual contact with them when they were teens in the 1970s.

Coble, 59, is on trial for the second time in Waco's 54th State District Court in the August 1989 shooting deaths of Vicha and his parents, Robert and Zelda Vicha, at their homes near Axtell.

Coble spent more than 17 years on death row before a federal appeals court in New Orleans overturned his death sentence and ordered his retrial on punishment only. The jury of seven men and five women will decide if Coble should be sent back to death row to await execution or be given a life prison term.

Mike Trantham, a 30-year Waco police veteran who retired 11 years ago, testified he first met Karen Vicha, the sister of his longtime colleague and good friend, after she filed a complaint that Coble had kidnapped her and threatened her in July 1989. The complaint stemmed from a night when Karen Vicha had been out and Coble was hiding in the back of her car when she started to go home.

She told Trantham that she would defer her decision about whether to file charges until after he had talked to Coble about the incident.

Trantham said he wanted to talk to Coble, but there wasn't another detective around to

47

accompany him. So he allowed Bobby Vicha to go along against his better judgment, he said.

Coble declined to give a statement at that time, Trantham said, adding that Vicha asked him if he could speak with his estranged brother-in-law before they left. Trantham said Vicha was calm and professional and simply asked Coble to contact him at the police department if he needed to speak with his sister again.

Trantham said he also advised Karen Vicha to get a protective order against Coble.

Coble was arrested on false imprisonment charges on Aug. 4, 1989, in the incident involving Karen Vicha and indicted for kidnapping on Aug. 24, 1989.

Five days later, the Vichas were dead and Coble had kidnapped Karen Vicha again after tying up her three daughters and Bobby Vicha's 11-year-old son, J.R. Vicha, who now works for McLennan County District Attorney John Segrest.

"The only thing that he wanted was Karen back and the thing standing between him and her was Bobby Vicha and the Vicha family," Segrest told jurors in opening statements Monday morning. "The evidence will show that he was going to take Karen back or die trying."

Segrest said Coble seemingly had good qualities, adding that he appeared at times to be a good husband and a good father who coached youth baseball and football.

But when things didn't go his way, Segrest said, Coble, who worked as a welder, transformed into a violent manipulator who heaped physical and psychological abuse on those around him.

Defense attorney Alex Calhoun asked jurors in his opening to consider the "complete measure of the man" before condemning him. He said Coble has changed in the almost two decades he has been locked up.

"We are going to take the past 18 years and tell you what kind of man he has become and what kind of man he will become," Calhoun said.

Coble's first wife, Pam Woolley, opened testimony Monday by telling jurors that Coble could be charming, hard-working and pleasant. However, when things were

48

bad, he turned abusive, controlling and violent.

"He was dangerous and I think he is still dangerous," she said.

They were married for 10 years and had a son, Gordon.

After their divorce, Coble threw a baseball and hit her in the back while she was walking with her arm around Gordon. Her lung swelled and she sought medical treatment after experiencing difficulty breathing, she said.

After Coble's frequent abuse, he often apologized but always told her that it was her fault that he hit her, she said.

"He was a good person as long as things went his way," she said.

"What about when things didn't go his way?" Segrest asked.

"You better watch out because it wasn't going to be nice," she said.

In other testimony, Coble's former sister-in-law and his niece were among four women who testified that Coble fondled or sexually abused them when they were teens back in the '70s.

His former sister-in-law also said that Coble busted her lip when she refused to step aside and allow him into their yard to pick up his son.

Prosecution testimony will resume this morning.

twitherspoon@wacotrib.com   757-5737

(c) 2008 Cox Newspapers, Inc. - Waco Tribune-Herald

## Childhood fears of murder, threats revived in Waco's Billie Wayne Coble retrial

Published August 27, 2008
By Tommy Witherspoon

Tribune-Herald staff writer

A few days before he was ambushed and gunned down by Billie Wayne Coble, Waco police Sgt. Bobby Vicha, sensing trouble on the horizon, showed his young son where to find cherished family heirlooms in their home, J.R. Vicha testified Tuesday.

The testimonies of J.R. Vicha and his three cousins, whom Coble tied up Aug. 29, 1989, during an incident in which he killed Bobby Vicha and his parents, Robert and Zelda Vicha, highlighted second-day testimony in Coble's capital murder punishment retrial.

The emotional stories in which the sisters and their cousin relived the terror Coble put them through that day had many in the crowded 54th State District Court dabbing at tears.

Coble, 59, is on trial for the second time, spending more than 17 years on death row before a federal appeals court left his capital murder conviction intact but overturned his death sentence and ordered a new punishment trial.

Coble, estranged from the girls' mother, Karen Vicha, seemed to be on a mission, the oldest of the girls told jurors. As he restrained them, he rambled about how he was going to teach their mother a lesson and how they would never forgive him for his actions.

Ann Marie Tidmore testified that Coble, who stuck a gun in each of their faces when they got home from school, methodically shackled her and her younger sister with metal toy handcuffs, waited for the younger two children to get home from school, then tied them up, too.

Coble, already twice-divorced after battering his first two wives, had come to try to

50

persuade Karen Vicha, whom he had married the year before, not to divorce him and to dismiss kidnapping charges against him.

Trial testimony from Coble's first trial in 1990 revealed that he first shot and killed Robert Vicha in the kitchen of his home and tied up the children at Karen's home across the street, then killed Bobby Vicha after a struggle at Vicha's house down the road. He went back to Karen Vicha's house to check on the kids, then returned to the elder Vichas' home and killed Zelda Vicha when she got home from work.

After Karen Vicha got home, Coble told her to tell the kids goodbye and kidnapped her for the second time in two months. He was arrested later that night after he wrecked his vehicle in Bosque County after a high-speed chase with officers.

Ann Marie Tidmore, 16 at the time, told of her anguish as she helplessly watched from her bedroom window as her grandmother came home and then heard Coble leave her house.

"I looked out the window and saw my grandmother driving down the road," she said, breaking into tears. "I knew where he was going. I couldn't warn her. I couldn't tell her anything. She just drove up to her house and got shot. I couldn't tell her. That's a terrible feeling."

All three of Karen Vicha's daughters, Ann Marie Tidmore, Tracy Tidmore, who was 14 at the time, and Heather Moss, who was 10, said they still have nightmares about the ordeal.

"There's not a day that goes by that I don't check my locks on my doors 20 times a day and check the back seat of my car to make sure no one is there," Tracy said. "I have nightmares all the time, and we are talking about 19 years later."

While Coble waited for his estranged wife to come home, he told the children that he probably was going to jail the next day and likely would end up on "America's Most Wanted" television program.

"He said he hated to do what he was doing but he said my mother was selfish and she had to pay for what she had done," Ann Marie said. "He said when you love someone, you will do anything to make them understand, and he wanted her to know what it was like not to have a family."

51

At one point, Ann Marie and Tracy remembered, Coble told them that he should have "blown you away like I intended to do." He also told them that they should consider him and his mother "deceased," prompting 10-year-old Heather to ask her older sisters the meaning of the word. That's when she figured out the gravity of the situation, Heather told jurors.

J.R. Vicha, then 11, said Coble knelt to speak to him after tying him up. He asked how old he was.

"He said I should be grateful that I got to know my dad for 11 years because that was more time than he got with his father," said J.R. Vicha, now a prosecutor in the McLennan County district attorney's office.

Karen Vicha is expected to testify when prosecution testimony resumes this morning.

twitherspoon@wacotrib.com

757-5737

(c) 2008 Cox Newspapers, Inc. - Waco Tribune-Herald

## Billie Wayne Coble's ex-wife testifies about the day he kidnapped her and killed her brother and parents

Published August 28, 2008
By Tommy Witherspoon

Tribune-Herald staff writer

Nineteen years of hatred for her ex-husband came pouring out of the witness stand Wednesday as Karen Vicha lashed out at Billie Wayne Coble for making her and her three daughters relive the horrifying ordeal in which Coble killed her parents and brother and threatened to torture her.

Karen Vicha was married to Coble for only 11 months, but she said he inflicted a lifetime of horror and grief on her and her family when he killed her parents, Robert and Zelda Vicha, and brother, Waco police Sgt. Bobby Vicha, at their homes in Axtell in August 1989.

Vicha told jurors in Waco's 54th State District Court that Coble smirked his familiar, "evil" grin at her at times during her two-hour testimony Wednesday morning.

Toward the end of her emotional testimony, she was telling jurors how Coble described to her how he killed her brother after ambushing him in his garage. Then she paused, stared straight at Coble and said, "I hate you for making me go through all of this again with my kids."

Judge Matt Johnson immediately called for a recess and later overruled a motion for mistrial from Coble's attorneys, Russ Hunt Jr. and Alex Calhoun, because of the outburst.

Vicha's three daughters and nephew, Bobby Vicha's son, testified Tuesday that Coble threatened them with a gun, tied them up and told them that they would never see Karen Vicha again. He had already killed Karen Vicha's family and then kidnapped her, pistol-whipped her and cut her face with a knife before wrecking her car in Bosque County when he was spotted by officers there.

53

Coble, 59, spent 17 years on death row before his death sentence was overturned and he was awarded a new punishment trial because of changes in the special issues posed to jurors when trying to determine whether the death penalty or a life sentence is more appropriate.

McLennan County District Attorney John Segrest and his top assistant, Crawford Long, who have called 20 witnesses since testimony started Monday, intend to call four more witnesses, including two psychiatrists, before resting their case today.

Karen Vicha told jurors she met Coble in high school shortly after he returned from serving in Vietnam and they dated a few times. She ran into him again in 1987 at a dance club and they started dating again. They married in July 1988, and at first, things went well, Karen said.

"To Bill, I was perfect," she said. "I'm not perfect, and I can't be perfect, and it was just strange the way he thought about me."

Coble's first two wives have testified that he controlled, manipulated and beat them until they managed to escape the horrible marriages.

Coble was frantic when Karen told him she wanted out, refusing to leave their house, sleeping in his car in her driveway and stalking her at work and when she went out to bars.

He hid in the trunk of her car in July 1989, crawled into the car through a fold-down back seat and stuck a knife in her ribs one night after she had been out with a friend, she said.

"He said if he couldn't have me, nobody could have me," Karen told jurors. "He said the divorce was all my fault, and I could not treat him that way."

She finally managed to persuade him to let her go, but reported the incident to her brother the following day, she said. Coble was later indicted for kidnapping her.

After the kidnapping, her brother bought her a German shepherd for protection. She said she found the dog dead in her front yard less than a week later.

On the afternoon Coble killed her family, she got home from work and Coble

54

emerged from her bedroom with a gun.

"He said, 'I need to tell you that I've killed your mother and your father and your brother,' " Karen said.

Incredulous, she asked for proof, and Coble showed her that he was carrying her brother's Waco police-issued .357-caliber revolver. Still not believing that he had killed her parents, she said Coble took her to the window and showed her that he was now driving her father's red and white pickup truck.

"He said, 'I really hated to do that to your mom, but when I told her what I had done, she just went crazy,' " she said, quoting Coble.

Coble told her to tell the restrained children goodbye because she wouldn't see them again.

"I didn't want to leave them but realized that the only way that they would be safe would be if I got him away from the house and away from the kids," Karen said.

She told Coble to take her and go, but he hesitated, saying they needed to wait until it got dark. She asked what they would use for money and Coble said he had stolen $1,000 from her mother's bedroom after he killed her.

Coble told her that he was going to torture her for "weeks," she said.

She told the jury Coble said, "You know I am going to have to die for this, but this is something you are going to have to live with forever."

twitherspoon@wacotrib.com   757-5737

(c) 2008 Cox Newspapers, Inc. - Waco Tribune-Herald

## Prosecution rests in Waco's Billie Wayne Coble trial

Published August 29, 2008
By Tommy Witherspoon  Tribune-Herald staff writer

A relative of Billie Wayne Coble stared him down Thursday and called him "evil" before telling jurors that Coble raped her in 1979 when she was 16.

The action prompted one of Coble's attorneys to call for a retrial, a motion 54th State District Judge Matt Johnson overruled.

McLennan County District Attorney John Segrest and his first assistant Crawford Long rested their case against Coble Thursday after calling two psychiatrists � one who accurately predicted in 1964 that Coble's "long-term prognosis does not look good" and another who told jurors that Coble will continue to be dangerous.

Prosecutors called two dozen witnesses in Coble's capital murder sentencing retrial in the August 1989 shooting deaths of his estranged wife's parents, Robert and Zelda Vicha, and her brother, Waco police Sgt. Bobby Vicha.

Defense attorneys Russ Hunt Jr. and Alex Calhoun, who will try to convince jurors that Coble has changed after 17 years on death row and is no longer violent, will call defense witnesses when the trial enters its fifth day this morning.

Coble's death sentence was overturned by a federal appeals court, which left his capital murder conviction intact. Jurors will be asked if Coble killed the Vichas intentionally, whether he constitutes a continuing threat to society and if sufficient mitigating factors exist to make a life prison term more appropriate.

If the jury answers the first two questions yes and the last one no, the 59-year-old Vietnam veteran and former welder will return to death row to await execution. The trial bogged down Thursday afternoon as Calhoun and Hunt, with jurors waiting outside the courtroom, waged a lengthy but unsuccessful attempt to keep Richard E. Coons, an Austin forensic psychiatrist, from testifying that Coble is a sociopath who remains violent. The attorneys challenged the doctor's credentials and ability to predict a future threat.

In earlier testimony, a relative of Coble told jurors that Coble raped her at his house